# Eby et al. *versus* Guest.

1. The assignment of the stock of a corporation to itself, as collateral security for a loan, divests the title of the assignor so far as to prevent a sale of it under a fieri facias against him. In such case execution must be by attachment, under the Act of 1836.

2. Before an attachment of stock, standing in the name of another, can be made under the provisions of the 32d section of the Act of 1836, it is necessary that the affidavit and recognisance required by the act should be previously filed, and if these conditions are not complied with, the writ is void.

3. An attachment issued against stock of a building association, standing in the name of the defendant, but which had been assigned to the association as collateral security. No affidavit nor recognisance were filed, as required by the Act of 1836. A third party intervened and claimed the stock, but he likewise did not file the affidavit and recognisance. At his instance, the writ was quashed: *Held*, that the writ had been improperly issued: *Held, further*, that while the claim of the intervening party was not made in conformity with the requirements of the act, yet the attachment being improper, the court below must be affirmed.

4. Where neither party has any standing in this court, the court below will be affirmed.

March 24th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Montgomery county:* Of January Term 1880, No. 286.

The proceedings in the court below were as follows: Eby & Co., having a judgment against John B. Guest, issued an attachment against the Enterprise Building and Loan Association, garnishee. The latter answered that Guest was the owner of seven shares of the stock of said association, but that it had been tranferred to the association as collateral security for loans made to Guest by the association, and that the stock stood in the latter's name. A motion for judgment was made, when Edward Guest intervened, and alleged

that he was the owner of the stock; and further moved the court for a rule upon said plaintiffs to show cause why said attachment of said stock should not be dissolved and writ quashed, because the plaintiffs have not filed the affidavit and recognisance required by the Act of 16th of June 1836, sect. 32, in case of stock standing in the name of another than the real owner.

The material portions of the Act of 1836 are as follows:

"The proceedings to levy an execution upon stocks, debts and deposits of money belonging or due to the defendant shall be as follows, to wit: In the case of stock, if it shall be held in another name than that of the real owner thereof, the plaintiff shall file in the office of the prothonotary of the court an affidavit, stating that he verily believes such stock to be really the property of the defendant, and shall enter into a recognisance, with two sufficient sureties conditioned for the payment of such damages as the court may adjudge to the party to whom such stock shall really belong, in case such stock should not be the property of the defendant."

"And if any person shall claim to be owner of such stock, upon filing an affidavit that the stock is really his property, and entering into a recognisance, with two sufficient sureties conditioned for the payment of such damages as the court may adjudge to the plaintiffs, if such stock should really belong to the defendant, the court shall admit him to become a party upon the record, and take defence in like manner as if he were made garnishee in the writ."

Neither Eby & Co. nor Edward Guest had filed the affidavit and recognisance as required by the act. The court granted the rule to dissolve applied for by Edward Guest. The plaintiffs then asked leave to file the affidavit and recognisance, which the court refused, and made the rule absolute. This action was assigned for error by plaintiffs, who took this writ.

*Theo. W. Bean,* for plaintiffs in error.—It is contended that the 32d section of the Act of 1836 does not apply to the case at bar, or to any case where the stock of a building and loan association is held as collateral security for loans secured by bond and mortgage on real estate. An assignment of stock as collateral security does not change the ownership of it, and as in this case, it always remains on the stock books in the name of the assignor or real owner, and to whose account all payments for dues, &c., are duly credited. In this case the stock is in the name of John B. Guest, the defendant, on the books of the association. All payments of monthly dues are credited to him, and therefore no question arises as to whether the stock belongs to him or some one else. But Edward Guest had no standing in court, because he did not comply with the 34th section of the act. He did not make an affidavit, nor file a recognisance as required by the act.

13 Norris—11

*M. D. Evans,* for garnishees, *J. H. Hobart* and *H. K. Weand,* for the Guests.—The stock was clearly held in another name, to wit, that of the association. It had been formally assigned to them, and whether absolutely or as collateral, it was still not standing in the name of defendant. It was temporarily at least the property of the association, and because the old certificate was not surrendered and a new one taken out cannot alter the case: Early & Lane's Appeal, 8 Norris 411; Mulford *v.* Weisegerber, 3 Luz. Leg. Reg. 99. John B. Guest was not the real owner of the stock; he could only have sold it subject to the rights of the association, and the plaintiffs could not have reached it by fi. fa. It was, therefore, one of the cases contemplated by the 32d section of Act of June 16th 1836. The process was, therefore, issued contrary to the terms of the act, and as the plaintiff had neglected to do that without which the prothonotary could not lawfully issue the writ, the court below very properly quashed the proceedings.

Mr. Justice GORDON delivered the opinion of the court, May 3d 1880.

By the second section of the Act of 29th of March 1819, the stock of a corporation, owned by any individual or body corporate, in his or its own name, was made subject to execution as ordinary goods and chattels. The third section of this same act made provision for the attachment of such stock where it was held in the name of another than the real owner. Under this section, where the plaintiff filed the required affidavit, and entered into a recognisance, with two sufficient sureties, conditioned for the payment of such damages as the court or magistrate might adjudge to the party or parties to whom the stock might, in the end, prove to belong, then and in that case process, in the nature of a foreign attachment, might issue to attach such stock. Then came the Act of 1836, which provided, in like manner, where stock was held in the name of any other than the true owner, for the filing of an affidavit and the giving of approved security, and, by the 33d section, it was further provided, that, upon the filing of such affidavit and recognisance, it should be lawful for the prothonotary to issue process, in the nature of an attachment, against such stock, with a clause of summons, &c. It is obvious, that the security required by both these acts was intended for the protection of the persons, natural or artificial, in whose name or names the stock might be held; in this they were alike. But the Act of 1836 differs from the Act of 1819 in this, that by the latter the writ issued as a judicial act: "It shall and may be lawful for such court, alderman or magistrate, to cause to be issued process in the nature of a foreign attachment;" whilst in the former the act is ministerial: "Upon the filing of such an affidavit and recognisance, it shall be lawful for the *prothonotary* to issue process in the nature

[Eby v. Guest.]

of an attachment." Hence, the *power* of the officer depends upon the existence of the prescribed conditions; unless the affidavit and recognisance have been previously filed, the issuing by him of the writ is void for want of power. But the case in hand is just such a case. The attached stock was held as collateral security by the Enterprise Saving, Loan and Building Association of Pottstown, and, hence, in its name. As was held in Early & Lane's Appeal, 8 Norris 411, the assignment of the stock of a corporation to itself, as collateral security for a loan, divests the title of the assignor so far as to prevent a sale of it under a fi. fa. against the assignor. The case in hand, falling, as it does, within the 32d and 33d sections of the Act of June 16th 1836, and the attachment having issued without the filing of the required affidavit and recognisance, this writ is ineffective and void. But it is said, that Edward B. Guest, who claims to have some interest in this stock, and at whose instance the writ was quashed, had no standing to intervene, as he did not comply with the requirements of the statute. This is true; but we do not see how it can help the plaintiff in error. There is no doubt about the rectitude of the judgment of the court below; hence, we cannot reverse. The case may be regarded as one involving a demurrer to a plea, where an examination must be had of all the pleadings, and judgment given to the one who shall appear to have the right on the whole case. The plea may be bad, and hence demurrable, but if the declaration is found to be bad also, though there be no demurrer to it, yet must the defendant have judgment. Just so here; we find that neither the plaintiff nor defendant in error has any standing in this court, and so, neither can be heard to complain of the action of the court below.

Judgment affirmed.