## Betts *versus* Towanda Gas and Water Co. et al., Garnishees.

1. The provisions of the Act of June 16th 1836, sect. 32, Pamph. L. 467, requiring the plaintiff issuing an attachment-execution against stock held in a name other than that of defendant, to file an affidavit and enter into a recognisance, were intended to apply only to those cases where there is a claimant disputing the defendant's title, and not to those cases where the defendant's title is conceded.

2. A. issued an attachment-execution against B., defendant, and a company garnishee, but without filing an affidavit or entering a recognisance. The company pleaded that certain shares therein standing in the name of C. were the property of B., and that C. had handed the certificates of such shares to B., assigned in blank. Judgment was thereupon entered against the garnishee for said shares. Subsequently the court, on the petition of B.'s assignee in bankruptcy under proceedings instituted subsequent to the attachment, opened the judgment, on the ground that plaintiff had not filed an affidavit and recognisance, as required by the terms of the Act of June 16th 1836, sect. 32, Pamph. L. 767. *Held*, that this was error, there being no adverse claimant of the stock, as contemplated by said act.

March 9th 1881.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Bradford county*: Of January Term 1881, No. 132.

This was an attachment-execution, issued April 19th 1878, by N. N. Betts, plaintiff, against Chauncey S. Russell, defendant, and George Russell, Lewis S. Russell and the Towanda Gas and Water Company, garnishees, on a judgment obtained January 8th 1877, by the said N. N. Betts, against Chauncey S. Russell, for $3055.75. The attachment issued in the usual form, but without the filing of an affidavit and recognisance, as required by the 32d section of the Act of June 16th 1836, Purd. Dig. 639, pl. 29, where stock is held in another name than that of the defendant.

The Towanda Gas Company, in reply to interrogatories, answered that at the time of the service of the attachment, two shares of the stock of the respondent company were standing on the books in the name of Chauncey S. Russell; that three hundred shares of stock stood in the name of Lewis S. Russell, and the company had no other knowledge as to the ownership thereof than was afforded by the books; that on the day the attachment was served, Chauncey S. Russell stated to the president of said company that he owned one hundred and eighty shares of the stock in addition to the two shares standing in his name on the books. Lewis S. Russell answered that at the time of the service of the attachment on him, he did not hold in his name any shares of the said stock, in trust or otherwise, for the said Chauncey S. Russell.

On May 5th 1879, the Towanda Gas and Water Company

pleaded specially that since the filing of the company's answers to the interrogatories, the defendant Chauncey S. Russell, has acknowledged and stated to said company that he was the owner of 180 shares of the capital stock of said company, standing on the books of said company in the name of Lewis S. Russell by exhibiting to the president of said company the certificates therefor duly assigned in blank. * * * And the last aforesaid shares, together with the two shares of said stock standing in the name of Chauncey S. Russell, therefore make 182 shares of said stock owned by the said Chauncey S. Russell in the said company. And therefore the said company pleads *nulla bona*, except as to the aforesaid 182 shares of said stock so owned and held as aforesaid by the said defendant, Chauncey S. Russell.

Whereupon, on motion of plaintiff, the court on the same day entered judgment upon the above plea in favor of the plaintiff, against the Towanda Gas and Water Company for 182 shares of its stock.

On April 22d 1878, a petition in bankruptcy was filed against Chauncey S. Russell, who was, on May 7th 1878, adjudicated a bankrupt, and on August 9th 1879, Henry Streeter was elected assignee in bankruptcy. Mr. Streeter was also president of the Towanda Gas and Water Company.

On September 11th 1880, the plaintiff Betts issued a fi. fa. on his judgment, and by endorsement directed the sheriff to levy upon and sell 182 shares of the Towanda Gas and Water Company.

On September 27th 1880, upon petition of Henry Streeter, assignee in bankruptcy of Chauncey S. Russell, the court granted a rule to show cause why the said judgment should not be opened as to 180 shares of stock held by Chauncey S. Russell in the name of Lewis S. Russell, and judgment corrected so that it shall stand for two shares only, which Chauncey S. Russell held in his own name.

The court, MORROW, P. J., made this rule absolute, on the ground that the attachment, having been issued without affidavit and recognisance, was void as to the 180 shares standing in the name of Lewis S. Russell. The court further held, that as the assignee in bankruptcy was not appointed until after judgment had been entered on the plea of the garnishee, without rule or argument, the assignee was not barred by lapse of time from the right to have the judgment opened as to him.

The plaintiff took this writ of error, assigning for error the making absolute of the said rule.

*John T. Sanderson* (with him *Overton* and *Elsbree & Son*), for plaintiff in error.—After the lapse of sixteen months and five regular terms, the court had no power to open and correct the judgment regularly entered: Mathers *v.* Patterson 9 Casey 485; Ullery

[Betts *v.* Towanda Gas and Water Co.]

*v.* Clark, 6 Harris 148; Railroad Co. *v.* Evans, 3 P. F. Smith 250. The attachment bound the 180 shares owned by the defendant, as well as the two shares standing in his name. The bond required by the Act of 1836, in the case of stock "held in another name," is for the indemnity of the real owner, if it appear that the stock does not really belong to the defendant. When Lewis S. Russell delivered the certificates to Chauncey S. Russell, with a blank transfer or power of attorney to transfer endorsed, the former ceased to hold the stock in his own name. If a bond had been given, he could have maintained no action upon it. In his answer he denied that he held any stock, in trust or otherwise, for Chauncey S. Russell. A transfer on the books of the company would have been merely a formal act, for the information or protection of the company, and would not have affected the ownership, which was already vested in Chauncey S. Russell. Stock in a corporation is a chose in action, the title to which is transferred by endorsement and delivery of the certificate; as between vendor and vendee, transfer on the books of the company is unnecessary: German Union Assoc. *v.* Sendmeyer, 14 Wright 67; Finney's Appeal, 9 P. F. Smith 400; Bank of Union *v.* Smalley 14 Amer. Dec. 530, and authorities collected in note.

*Henry Streeter*, for said Gas Co., and *P. P.* assignee in bankruptcy.—The contest in this case is between an attaching creditor and the general creditors of Chauncey S. Russell, represented by his assignee in bankruptcy. The latter had the right to set up the want of jurisdiction in issuing the attachment as to the 180 shares in the name of Lewis S. Russell without complying with the prerequisites required by the Act of 1836. Under the decision in Eby *v.* Guest, 8 W. N. C. 467, the original judgment was clearly void as to the 180 shares, and the court properly opened and corrected it.

Mr. Justice GORDON delivered the opinion of the court, March 21st 1881.

By virtue of an attachment-execution issued April 19th 1878, judgment was had against the defendants, who were garnishees of Chauncey S. Russell, on the 5th of May 1879, upon the following special plea: "And the said Towanda Gas and Water Company, one of the defendant garnishees aforesaid, by H. Streeter, its president, says that since the filing of the company's answers to the interrogatories exhibited to the said company in this case, the said defendant, Chauncey S. Russell, has acknowledged and stated to said company that he was the owner of one hundred and eighty (180) shares of the capital stock of said company, standing on the books of said company in the name of Lewis S. Russell, by exhibiting to the president of said company, duly assigned in

1 OUTERBRIDGE—24

[Betts *v.* Towanda Gas and Water Co.]

blank, as follows, to wit (here follow the numbers of five certificates, embracing, in all, one hundred and eighty shares of stock). And the last aforesaid shares, together with the two shares of said stock, standing in the name of the said Chauncey S. Russell, therefore making one hundred and eighty-two shares of said stock owned by said Chauncey S. Russell in said company. And, therefore, the said company pleads *nulla bona,* except as to the aforesaid one hundred and eighty-two shares of said stock, so owned and held as aforesaid, by the said defendant, Chauncey S. Russell."

All this seems to be very plain and straightforward; and though one hundred and eighty shares of this stock stood in the name of Lewis S. Russell, yet, as the certificates had been duly assigned by him to Chauncey, Chauncey was the sole owner and claimant; there was no person, natural or artificial, to dispute his right. Nevertheless, the court, on the motion of Henry Streeter, assignee in bankruptcy of C. S. Russell, on the 27th of September 1880, opened this judgment, struck out the one hundred and eighty shares which formerly were supposed to belong to L. S. Russell, and re-entered judgment for two shares only. To this action, the court was led, by the impression that the writ, having been issued without the affidavit and bail required by the 32d section of the Act of 1836, was void, and this for the reason that this stock stood on the books of the company in the name of Lewis S. Russell. In support of this conclusion, Eby *v.* Guest, 8 W. N. C. 467, was relied on. But neither the statute, nor the case cited, will bear any such construction. An examination of the statute will show that the affidavit and recognisance are required only when the stock is held in another name than that of the real owner, and that the recognisance is intended for the protection of the person or corporation claiming adversely to the alleged ownership of the defendant. But if there be no such claimant; if there is no one to dispute the defendant's right, then, by the 34th section of said act, the writ may issue without either affidavit or recognisance. And an examination of Eby *v.* Guest, will show that the 32d section was held to apply in that case, because the attached stock was held and claimed as collateral security by the Enterprise, Saving, Loan and Building Association of Pottstown.

But who in this case claims the attached stock but Chauncey S. Russell? The garnishee admits that it has no claim, and it is agreed by the parties that at the time the writ was served Lewis S. Russell had assigned the certificates to Chauncey. Hence he had no claim. Indeed, it is further admitted that he never was the real owner, but held only as trustee for Chauncey. Certainly, then, if these stocks did not belong to the defendant—if they were not held in his name, they were held by and belonged to no one. To what purpose, then, would have been an affidavit, since no

[Betts *v.* Towanda Gas and Water Co.]

one was disputing the defendant's ownership? and to what purpose a recognisance, seeing there was no adverse claimant?

It being thus clear that the writ was properly issued under the 34th section of the Act of 1836, and as the court opened and reduced the judgment under a misapprehension of the law, it follows that the case must be restored to its original status.

The judgment of the court below of September 27th 1880 is now reversed and set aside, and the original judgment of May 5th 1879 restored.