## Bernheimer, Appellant, *v.* Stewart.

*Attachment execution—Quashing writ—Junior attaching creditor—
Irregularity in proceedings—Failure to file affidavit and recognizance—
Act of June 16, 1836, P. L. 755, secs. 32 and 33.*

A junior attaching creditor of corporate stock has no standing to
demand that the writ of a senior attaching creditor of the same stock
shall be quashed because the affidavit and recognizance required by
secs. 32 and 33 of the Act of June 16, 1836, P. L. 755, had not been filed
prior to the issuing of such writ, and this is especially the case where it
appears that no objection had been made to such irregularity by the
defendant or the garnishee in the earlier writ, and that the junior
creditor had not issued his writ until a year and a half after the date of
the earlier writ, and then took judgment subject to the earlier writ and
allowed the sale of the stock to be consummated without raising any
question as to the validity of the senior writ.

Argued Dec. 16, 1912.  Appeal, No. 234, Oct. T., 1912,
by plaintiffs, from order of C. P. No. 2, Phila. Co., June T.,
1910, No. 437, making absolute rule to quash writ of

534    BERNHEIMER, Appellant, *v.* STEWART.

Statement of Facts—Opinion of the Court.    [53 Pa. Superior Ct.

attachment in case of Leo G. Bernheimer and Joseph H. Sundheim, copartners, trading as Bernheimer & Sundheim, v. David Stewart, defendant, Perpetual Building and Loan Association, Garnishee, and Isabel B. Boileau, Intervenor.   Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ.   Reversed.

Rule to quash writ of attachment.

The opinion of the Superior Court states the case.

*Error assigned* was order quashing the writ.

*Joseph H. Sundheim*, with him *Leo G. Bernheimer*, for appellant.—The only person at whose instance the court had a right to quash the attachment was the defendant in execution, the garnishee or a person claiming to be the owner: Lonbard Inv. Co. v. Seaboard Mfg. Co., 74 Fed. Repr. 325; Jones v. Winans, 20 N. J. Eq. 96; Thistle Mills v. Watson, 2 Pa. C. C. Rep. 271; Elberman v. Bloom, 10 Pa. C. C. Rep. 413; Lehigh Coal and Navigation Co.'s App., 112 Pa. 360; Hower's Appeal, 127 Pa. 134.

*William A. Carr*, with him *W. Horace Hepburn* and *Sidney L. Krauss*, for appellee, cited: Evans v. Brownscomber, 8 Pa. C. C. Rep. 456; Mulford v. Weisgerber, 3 Luz. Leg. Reg. 99.

Opinion by Rice, P. J., April 29, 1913:

The plaintiffs issued an attachment execution on their judgment against Stewart, and summoned the Perpetual Building and Loan Association as garnishee.   In answer to interrogatories the garnishee admitted having certain shares of stock of the association belonging to the defendant in its possession, but stated that they had been assigned as collateral security for a loan.   The court rendered judgment against the garnishee that they have execution subject to the lien of the garnishee on the stock.   Subsequently a fieri facias issued, by virtue of which, and of a

fieri facias issued in a later attachment proceeding to which we are about to allude, the stock was sold and a fund realized which is in the hands of the sheriff.

Isabel B. Boileau also held a judgment against Stewart and issued an attachment execution thereon, summoning the same association as garnishee, under which the same stock was attached. In due course she obtained judgment that the garnishee had in its hands, subject to execution on her judgment, seventy-five shares of stock of the association, "which shares are subject to the prior claim of the garnishee to which . . . . they were pledged . . . . as collateral security . . . . and also subject in the hands of said garnishee to the attachment execution" issued in the first-mentioned case.

After the sheriff's sale of the stock under these two fi. fa.'s, Isabel B. Boileau petitioned for and obtained a rule to show cause why the attachment issued by the plaintiffs should not be quashed. The latter filed an answer, and after hearing the court made absolute the rule; whereupon this appeal was taken.

The plaintiffs' attachment was prior in time, but it is claimed that it was illegal and void because it issued without the plaintiffs having filed an affidavit and entered into a recognizance as required by secs. 32 and 33 of the Act of June 16, 1836, P. L. 755, where stock not standing in the name of the defendant is sought to be attached. In support of this contention counsel cited Eby v. Guest, 94 Pa. 160, in which, after pointing out the differences between the Act of March 29, 1819, P. L. 226, and the act of 1836, and quoting the words of the latter act, "Upon the filing of such an affidavit and recognizance, it shall be lawful for the Prothonotary to issue process in the nature of an attachment," Justice GORDON said: "Hence the power of the officer depends upon the existence of the prescribed conditions; unless the affidavit and recognizance have been previously filed, the issuing by him of the writ is void for want of power. But the case in hand is just such a case. The attached stock was held

as collateral security by the Enterprise Saving, Loan & Building Association of Pottstown, and, hence, in its name. As was held in Early & Lane's Appeal, 89 Pa. 411, the assignment of the stock of a corporation to itself, as collateral security for a loan, divests the title of the assignor so far as to prevent a sale of it under a fi. fa. against the assignor. The case in hand, falling, as it does, within the 32d and 33d sections of the act of June 16, 1836, and the attachment having issued without the filing of the required affidavit and recognizance, this writ is ineffective and void." In that case the attachment was quashed at the instance of a third party who claimed to be the owner of the stock, and therefore had a right to intervene upon complying with the provisions of sec. 34 of the act. In the later case of Betts v. Towanda Gas and Water Co., 97 Pa. 367, the court of common pleas considered the principle above enunciated to be applicable where the stock, though not formally transferred on the books of the garnishee company, had been duly assigned and really belonged to the defendant, and accordingly quashed the attachment. This was held to be error, Justice GORDON saying: "But neither the statute, nor the case cited, will bear any such construction. An examination of the statute will show that the affidavit and recognizance are required only when the stock is held in another name than that of the real owner, and that the recognizance is intended for the protection of the person or corporation claiming adversely to the alleged ownership of the defendant. But if there be no such claimant; if there is no one to dispute the defendant's right, then, by the thirty-fourth section of said act, the writ may issue without either affidavit or recognizance. And an examination of Eby v. Guest, will show that the thirty-second section was held to apply in that case, because the attached stock was held and claimed, as collateral security by the Enterprise Saving Loan and Building Association of Pottstown." This case does not rule the case before us, but it is pertinent because of its clear

declaration that the recognizance is intended for the protection of the person or corporation claiming adversely to the alleged ownership of the defendant. The appellee sets up no such claim. She is simply a subsequent lien holder, who, as counsel for the appellants well say, does not contest the title of the defendant, but asserts and relies on that title. A later case having a very important bearing upon the question before us is First National Bank of Woodstown v. Trainer, 209 Pa. 387. There, as here, the plaintiff did not file the affidavit and enter into recognizance before issuing the attachment. The court, whilst holding, that the case fell within secs. 32 and 33 of the act, and therefore the process was irregularly issued, nevertheless held that the irregularity could be waived and was waived by the plea of nulla bona. Justice DEAN said: "But must not defendant be held to have waived the irregularity? If he had moved to quash the writ of attachment or to have set it aside when first served, that motion would doubtless have prevailed; but he made no such motion, he pleaded nulla bona and went to trial. Now, after verdict and judgment against him he asks us, because of a mere irregularity, to treat the attachment as a nullity; it is too late. This is the gist of the decision in Poor et al. v. Colburn et al., 57 Pa. 415, which holds that "after a plea of nulla bona, in an attachment execution, the regularity of the process cannot be questioned; the plea is a waiver of such irregularity." In Poor v. Colburn, the case cited by Justice DEAN as analogous, the trial court entered judgment for the defendant and garnishee upon the ground that the attachment execution had not been preceded by an execution and a certificate of nulla bona. It was held that this was error, because the defendant and the garnishee had waived the irregularity by their plea. Justice SHARSWOOD said: "It is a well-established rule of practice that application to set aside proceeding for irregularity should be made as early as possible, or, as it is commonly said, in the first instance. If the party take subsequent steps in the cause, he cannot afterwards revert

to the irregularity and object to it: 1 Tidd's Pr. 513. The defendant should have moved to quash the attachment at once on his appearance, but having pleaded, and subjected the plaintiffs to the delay, trouble and expense of preparing for trial, it was entirely too late for him to make the objection when the case came before the jury." In the present case there was no plea of nulla bona, but the principle upon which the waiver is implied from such plea would equally warrant the implication of a waiver from the conduct of the parties in the present case. It is to be noticed that the regularity of the process is not questioned by any person for the protection of whose rights the requirement of the affidavit and recognizance was imposed by the legislature. On the contrary, the garnishee answered the interrogatories and the garnishee and the defendant permitted the attachment to go to judgment, execution and sale of the stock, without raising any objection, and even now are not complaining. Nor was the motion to quash made by any person to whom the statute gives the right to intervene. It was made by a subsequent attachment creditor. Certainly she had no interest which gave her standing to interfere with the process issued by the plaintiffs until she had issued her own attachment. It is said that it then became to her interest to get the preceding attachment out of the way, and that this gave her standing. We are not prepared to say that a second attachment creditor may in any case be permitted to intervene in order to move to quash the preceding attachment. See Young v. Levy, 6 Pa. Superior Ct. 23. But granting for the sake of the argument that under some circumstances this might be permitted, it is clear that the right is one which can only be accorded under exceptional circumstances, and promptness in demanding it is an essential. Here the appellee did not issue her attachment until a year and a half after the plaintiffs' attachment was issued. She did not then promptly ask leave to intervene, but, on the contrary, took judgment against the garnishee in which the priority of the plaintiffs' attach-

ment was expressly recognized. The record being in this shape she allowed the sale to proceed upon both fi. fas., and not until after it was consummated, and the plaintiffs were not in position to protect themselves, as perhaps they could have done if their attachment had been attacked before the sale, was the motion made. We think that under the circumstances stated it was then too late for her, she not being a party to the proceeding and not claiming ownership of the stock, to treat the plaintiffs' attachment as a nullity and to have it quashed upon that ground.

The order is reversed, the rule to show cause why the plaintiffs' attachment should not be quashed is discharged and the attachment is reinstated; the costs of this appeal to be paid by the appellee.