The opinion of the court was delivered by
Tilghman, C. J.
The plaintiff says, that the execution was issued before the notes fell due, and therefore it was irregular and void. We know nothing of the evidence given on the trial of the cause, except what is mentioned in the charge of the court, to which the counsel for the defendant took a number of exceptions.
The great objection to the plaintiff’s action, and indeed, it seems to me to be insuperable, is, that it calls in question the *204 ■validity of an execution issued on a judgment in a court of competent jurisdiction. The judgment on the bond of Beelen Co. to the Bank of Pittsburg was regular; nor does the warrant of attorney, by virtue of which it was entered, make any mention of a stay of execution. The execution was not void. The most that can be said against it, is that it was irregular and erroneous. If erroneous it might have been reversed on a writ of error, or the Court of Common Pleas might have inquired into the matter, in a summary way, and quashed it. But without resorting to either of these remedies, the plaintiff has undertaken to invalidate it collaterally, in this action. This is against all principle. The execution, until quashed or reversed, is good. The sheriff was bound to obey it, and the execution of the bank,' having come first to his hands, had a preference. If two executions are delivered to the sheriff, one after the other, the one first delivered has the preference, and if the sheriff pays the money to the plaintiff in the last execution, the other may maintain an action against him. In that action, the court will inquire into' the fact, which execution came first to the sheriff’s hand; but no inquiry is permitted, which mi girt tend to the invalidating" of either execution, on the ground of error, or irregularity. It was decided by this Court, in Lewis v. Smith, (2 Serg. & Rawle, 142,) that a judgment erroneously entered, is valid, until reversed. And the same principle extends to an execution. It would make strange confusion, if an execution issued by a court of competent jurisdiction, and unreversed, could be investigated and treated as a nullity in another court. To this rule there is one exception, and that is, where a. judgment is entered by collusion between the defendant and plaintiff, in fraud of a third person. For instance, if an executor confesses judgment where no debt was due, with a view of defrauding other creditors, there an action being brought by one of the other creditors, if the judgment be pleaded in bar, the plaintiff may reply that it was confessed by fraud. The same principle was established, on great consideration, in the Dutchess of Kingston’s case,.where a decree of the Ecclesiastical Court was impeached on the ground of fraud. But there is no question of fraud upon this record. No matter of fraud was submitted to the jury. The plaintiff complains, that the execution for the Bank of Pittsburg, was issued before the debt on the promissory notes, to secure the payment of which the bond was given, became due. I shall intimate no opinion on that question — but if the plaintiff has been injured by an improper use of the process of the Court of Common Pleas, that court may do him justice by quashing the execution; and if there should be contested facts which the court does not think proper to decide, it may direct an issue for that purpose. There is no weight in the objection made by the counsel for the defendant, that the plaintiff was not a party to the suit between the Bank of Pittsburg, and Beelen fy Co, There are many in *205 stances in which courts will permit a third person, who has been injured by their proceedings, to appear and assert his rights.
There was another exception to the charge of the court, on which it may be proper to give an opinion. The court charged, that if the verdict should be for the plaintiff, he would be entitled to Interest from the time the sheriff sold the goods of Beelen <§■ Co., because the purchasers of these.goods had not paid for them, and, therefore, they ought to pay interest to the sheriff. In this respect, I think the charge was incorrect. The action is not against the purchasers, but the sheriff; and the declaration avers that the sheriff received the money. Now suppose the money is in the hands of the sheriff, (which the plaintiff is bound to suppose,) it was tied up by the rule of court, to show cause why the execution of the bank should not be quashed. The sheriff could not pay the money to either party, till that rule was disposed of; and consequently he cannot be liable to the payment of interest, which is never demandable unless money is unlawfully withheld.
I am of opinion, upon the whole, that the judgment should be reversed.
Judgment reversed. „