## Phila., to use of Peters, *v.* Leura E. Jenkins (et al.), Appellant.

*Striking off judgment—Jurisdiction—Practice, C. P.*

The court of common pleas has no power to strike off a judgment except for want of jurisdiction or other fatal irregularity appearing on the face of the record.

*Appeals—Judgment—Certiorari—Record.*

When the court of common pleas refuses to strike from its records what is in law a nullity, and treats it as a valid judgment, the defendant may appeal and his appeal will be in effect a certiorari to bring up the record for examination. No other question will ordinarily be presented on such an appeal than the sufficiency of the record to sustain the judgment.

*Municipal lien—Service of process—Act of* 1881—*Constitutional law.*

The legislature has the constitutional power to authorize proceedings against property bound by a municipal lien in cases where the owner is a non-resident of the city. The act of June 10, 1881, P. L. 91, providing for service on such owners by posting and publication, is therefore constitutional.

*Practice, C. P.—Suggestion of death—Sci. fa. or order.*

Where a suggestion is filed on the record of a judgment on a municipal lien, to the effect that the owner is dead and that the title to the property has descended upon certain persons mentioned, the effect of the suggestion is merely to give notice to the court and the plaintiff of the facts stated, in order that further action may be taken intelligently by scire facias or order of court. The suggestion itself does not make the heirs parties to the cause or take the place of a scire facias or order of substitution.

Argued April 5, 1894.   Appeal, No. 330, Jan. T., 1894, by Leura E. Jenkins, from order of C. P. No. 2, Phila. Co., Dec. T., 1878, No. 228, M. L. D., discharging rule to strike off judgment. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.   Affirmed.

Rule to strike off judgment.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were (1) entry of judgment of Nov. 22, 1884; (2) refusal to strike off said judgment; (3) refusal to quash subsequent proceedings.

*Bradbury Bedell,* for appellant.—The act of 1881 is unconstitutional: Art. 3, § 7, clauses 1 and 17, Const.: Strine v. Foltz, 18 W. N. 359; Phila. v. Church, 115 Pa. 291; Trust Co. v. Fricke, 152 Pa. 231.

*F. Carroll Brewster, Byron Woodward* with him, for appellee.—Appellant is no party to the record and has no standing in court: King v. Brooks, 72 Pa. 363; France v. Ruddiman, 126 Pa. 257; People v. Quick, 87 Ill. 435; Drexel's Ap., 6 Pa. 277; McClay v. Benedict, 1 Rawle, 424. The right to question the judgment entered Nov. 22, 1884, was barred by laches and lapse of time: Howe Sewing Machine Co. v. Larimer, 5 Pa. C. C. R. 661; Ins. Co. v. Gaus, 91 Pa. 103; Harper v. Biles, 115 Pa. 594.

The act of 1881 is clearly constitutional: Powell v. Com., 19 W. N. 24; Perkins v. Phila., 156 Pa. 569. The act comes within the range of the right of classification : Perkins v. Phila., 156 Pa. 562; Reeves v. Traction Co., 152 Pa. 162.

Even if the act were unconstitutional, it would not necessarily follow that the service by posting and publishing was invalid and the judgment void: Act of March 11, 1846, P. L. 115.

OPINION BY MR. JUSTICE WILLIAMS, July 11, 1894:

This appeal is from the refusal of the court below to strike a judgment off the records. The court has no power to strike off a judgment except for want of jurisdiction or other fatal irregularity appearing on the face of the record: France v. Ruddiman, 126 Pa. 257. If a judgment appears upon the face of the record to be a nullity the court may be properly asked to declare it so, and strike it off. This action amounts to a determination by the court that what appeared to be a judgment is not such in law, and that it has no right to remain on the records because it is improperly there. When the court below refuses to strike from its records what is in law a nullity, and treats it as a valid judgment, the defendant may appeal, and his appeal will be in effect a certiorari bringing up the record for examination. No other question will ordinarily be presented on such an appeal than the sufficiency of the record to sustain the judgment. This is such an appeal. It brings up nothing but the record. We turn to it therefore in order to see on what the judgment complained of rests.

We find that, in 1879, a municipal lien for paving and curbing was entered by the plaintiff against a lot of land at the west corner of Orleans and Marville streets, in the twenty-fifth ward of the city of Philadelphia, and against James W. Jenkins as owner. Before a scire facias was issued on this lien, a suggestion was filed by the plaintiff, setting forth that James W. Jenkins was also the registered owner of the land. The scire facias issued against Jenkins as owner and registered owner, and was returned as served or made known, by posting and advertising and nihil habet as to Jenkins. A judgment was entered in November, 1884, for want of an affidavit of defence. This judgment was revived, after two returns of nihil

habet had, in 1889. The court below was asked by the present appellant in January, 1894, to strike off the judgment entered in 1884, and all the subsequent proceedings.

The alleged apparent defect in this record is the want of personal service upon Jenkins, the owner, and registered owner, of the lot. The plaintiff replies that as Jenkins was a non-resident owner, the service was in accordance with the directions of the act of 1881, P. L. 91. The defendant, as we understand, concedes the service to be good under the act of 1881, but asserts that the act is unconstitutional, and the service authorized by it is for that reason not sufficient to support a judgment by default.

The act of 1881 does not provide a new system so that it must stand or fall as a whole, but is a supplement to an act approved on the 14th of March, 1865, entitled "an Act to promote the more certain and equal assessment of taxes in Philadelphia." It changes the mode of service in one class of cases, viz: municipal liens upon property owned by registered owners who are non-residents, and therefore personally out of reach of process. It authorizes service on such owners by posting a copy of the writ of scire facias on the premises, and by publication in a daily paper, published in the city, twice each week for two weeks before the return day. This it declares shall be equivalent to a personal service of the writ on such non-resident owner. The only question that we need consider therefore is whether the legislature had the constitutional power to authorize proceedings against property bound by a municipal lien in cases where the owner was a non-resident of the city. If not, then such liens would be uncollectible. Resident owners must pay because within the reach of process. Non-residents if they keep out of reach of the sheriff need not pay. Such a mischief certainly required a remedy. What the remedy should be, so far at least as the property bound by the lien was concerned, was certainly a legislative question. A somewhat similar question was before the legislature in 1851, and it was solved by the act of 14th of April, 1851, which provided that a vendor bringing an action of ejectment to enforce the execution of the contract against a vendee who had ceased to reside on the land or within the reach of a summons, might make service by publication; and, on proof of

publication as required by the act, the court was authorized to proceed to judgment in the action.   This remedy was extended in 1858, P. L. 256, so as to be applicable in all cases where a claimant or a mortgagee might desire to bring an action of ejectment for land which was unoccupied, and the owner of which did not reside in the county and had no known agent or employee, in charge of the land, who was a resident.   A somewhat similar provision for service upon non-resident owners of unseated lands, was made early in 1824.   In the case of mechanics' liens, the act of 16th of June, 1836, section 17, provided that the scire facias should be served on the defendant in the same manner as a summons, if he could be found in the county.   If he could not be found, and the building bound by the lien was occupied as a residence, a copy of the writ might be left with the person residing in the house, and this should be a good service on the defendant.   But if the house was unoccupied, then service was to be made by posting a copy of the writ on the door or front part of the unoccupied building.   A service so made will support a judgment, and authorize the sale of the property bound at sheriff's sale.   Other similar provisions have been made from time to time to facilitate the enforcement of liens, and the settlement of titles, both at law and in equity, which it is not necessary to enumerate.   We recall none of these that has been held to be unconstitutional, nor do we find any provision of the constitution that prohibits such legislation.   It is urged that the act of 1881 changes the rules of evidence, and the practice in the courts.   If so neither the defendant nor the appellant has suffered from such provisions, and for that reason neither is in a position to complain of them.   An act may be unconstitutional in some respects and constitutional in others.   Our question, the only question raised on this record, is whether the defendant was lawfully served with the scire facias.   If he was served in the manner provided by the act of 1881, and the legislature had the constitutional right to direct this method of service on a non-resident property holder bound by a municipal lien, then the judgment resting on such service is regular and the court below was right in refusing to strike it off. The other questions discussed it is not important to consider. They are not material to the decision of this appeal.

A question of practice is raised however over the position of the appellant, upon which a few words may be appropriate. The judgment was rendered in 1884 against James W. Jenkins, and it has been regularly revived by scire facias against him. In 1894 a suggestion was filed by appellant's counsel setting out that Jenkins died in 1888 and that his title to the property bound by the municipal lien descended to F. W. Jenkins and Leura E. Jenkins as his heirs at law. This is all that appears. They do not allege that they are still interested as owners. They do not ask to be made parties, or to be allowed to defend as the holders of the title of their father. What is the legal value of such a suggestion? Simply to give notice to the court and the plaintiff of the facts stated, in order that any further action may be taken intelligently. If the plaintiff should need to revive the judgment again he would be bound by the notice of the defendant's death and would bring in the heirs at law by scire facias. The suggestion alone does not bring them in. It simply points them out. No man can make himself a party to pending litigation between others by his own act or statement on the record; nor can he bring another into such litigation as an adverse party without his consent or the order of the court. If a defendant dies, that fact may be suggested by the plaintiff and the name of his executor, administrator, or heir at law embodied in the suggestion. This will not operate as a substitution but will support a scire facias directly to the parties so named: Hall's Appeal, 1 Pennypacker, 223. The suggestion may be made also by the proper representative or successor of the deceased defendant, and the plaintiff will be fixed with notice of the facts so brought to his attention and must govern his future action accordingly. But without some order of substitution or a writ of scire facias to bring in the suggested representative or successor, no change is made in the parties. The suggestion states facts of which the plaintiff and the court should take notice, and upon which their further action should be based, but it does not stand in the place of such action or render it unnecessary. The appellant is therefore not yet a party to this action. The truth of her suggestion has never been inquired into. She has asked no order based upon it and the plaintiff has taken no action because of it. It stands as a notice of danger, a caution to proceed no

further, given by one claiming to know the facts; and it says to the plaintiff and the court: "The defendant is dead. He died six years ago, and his title then passed to us as heirs at law. Proceed henceforward at your own risk." We place the determination of this appeal however on the ground that no irregularity appears upon the record, and that the court had therefore no power to strike off the judgment.

The action of the court below is now affirmed.