## Isaac S. Smyth and John Field, trading as Young, Smyth, Field & Co., Appellants, *v.* Rosa Levy.

*Judgment—Execution—Funds in sheriff's hands—Standing of junior judgment creditor.*

. The proceeds of a sheriff's sale of a defendant's personalty under an execution in the hands of the sheriff are bound by an execution issued by a bona fide creditor, upon a judgment obtained after the sheriff's sale; such judgment will bind such proceeds and give such creditor a standing to contest the validity of the prior judgment, on the ground of fraud.

*Practice, C. P.—Parties to record.*

No man can make himself a party to pending litigation between others by his own act or statement on the record: it follows, therefore, that a senior judgment creditor has no standing to intervene by petition to have set aside a levy made on a junior execution.

Argued October 21, 1897.   Appeal, No. 91, October T., 1897, by plaintiffs, from order of C. P. No. 2, Phila. Co., Dec. T., 1896, No. 320, setting aside levy on an execution.   Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY and PORTER, JJ.  Reversed.

Attachment under act of 1869.

The following facts appeared from the record:

On the 2d day of December, 1896, there was issued in court of common pleas, No. 2, as of September term, 1896, No. 320, a writ of attachment under the act of 1869, in favor of Isaac S. Smyth and John Field, trading as Young, Smyth, Field & Co. against Rosa Levy.  By virtue of this writ of attachment the sheriff levied upon the goods and chattels of the said Rosa Levy,

which had been previously levied upon by him under five certain writs of fi. fa., issued out of court of common pleas, No. 1, as of September term, 1896, Nos. 1031, 1032, 1057, 1056 and 1120, and also under a writ of attachment under the act of 1869, issued out of court of common pleas, No. 2, as of December term, 1896, No. 308. A portion of the property so levied upon was claimed, and feigned issues were framed to determine its ownership. The remainder of said goods and chattels so levied upon, were sold by the sheriff, on December 3, 1896, for the sum of $3,314. On January 9, 1897, judgment for want of an affidavit of defense was obtained by Isaac S. Smyth and John Field, trading as aforesaid, in their suit begun by this attachment, and damages were assessed at $615.25, and execution was issued thereon upon the fund in the hands of the sheriff. On March 13, 1897, on defendant's rule, the attachment of Young, Smyth, Field & Co. was dissolved, and on March 15th the fi. fa. was issued. On April 10, 1897, Charles P. Wieder and Joseph W. Salus, two of the plaintiffs in the executions above indicated, took their rules upon plaintiffs, Young, Smyth, Field & Co., to show cause why the levy of the sheriff by virtue of the fi. fa. issued on the judgment of Young, Smyth, Field & Co., on the fund in his hands under the fi. fas. issued In re Wieder v. Levy, and Salus v. Levy, should not be set aside. On April 15, 1897, these rules were made absolute.

From this decree of the court, the plaintiffs, Young, Smyth, Field & Co., appeal.

*Error assigned* was making absolute the rule to show cause why the levy of the sheriff under and by virtue of the fi. fa. issued in the above case, should not be set aside.

*John Weaver*, with him *John Sparhawk, Jr.*, for appellants.— The only question in this case is whether money in the hands of the sheriff, realized on a prior sheriff's sale on a judgment against the same debtor, is subject to the levy of a fi. fa. That such a fund is liable to such levy, follows from sec. 24, of act of 1836, which authorizes a levy upon "current gold, silver or copper coin, belonging to the defendant: Sullivan v. Tinker, 140 Pa. 35; Herron's Appeal, 29 Pa. 240; Rudy v. Commonwealth, 35 Pa. 166.

*E. W. Kuhlemeier*, with him *George S. Russell*, for appellee. —The appellants' proceeding is a subterfuge to evade the requirements of the acts of 1836 and 1846 : Filbert v. Filbert, 9 C. C. 149 ; Moore v. Dunn, 147 Pa. 359.

Money or property in the hands of a sheriff, under any process, is not the subject of a subsequent execution issuing out of a court of co-ordinate jurisdiction : Metzner v. Graham, 57 Mo. 404; Bates Co. Nat. Bk. v. Owen, 79 Mo. 429 ; Patterson v. Mater, 26 Fed. Rep. 31.

OPINION BY PORTER, J., November 19, 1897 :

This appeal is taken from an order making absolute a rule to set aside the levy made under the fieri facias issued in the cause. The judgment as appears by the record, was properly entered. The fieri facias was regularly issued and delivered to the sheriff, in whose hands were funds arising from the sale of the defendant's property under executions issued on confessed judgments. It cannot be doubted that under the authority of Sullivan v. Tinker, 140 Pa. 35, the fieri facias bound the fund in the sheriff's hands. In that case it is said : "It is true the appellee's judgment was not obtained until after the sale of the personal property by the sheriff, but we are of opinion that the fieri facias issued upon the appellee's judgment bound the fund in the sheriff's hands. It was the money of the defendants in the execution. . . . Money of a defendant not on his person may be seized and taken in execution."

It is asserted that the fund in the hands of the sheriff will not pay the preceding executions in full. If this be so, they will take by their priority whatever fund there may be. The levy of the fieri facias in this cause however, gives the plaintiff a standing to attack the bona fides and validity of the preceding judgments upon which the fund was raised. If this attack be successfully made, all the funds in the sheriff's hands will be the funds of the defendant, subject to the fieri facias of the present appellants. We are of opinion, therefore, that the levy of the writ should not have been set aside.

The order was made by the court below apparently on the application of two strangers to the record, who appeared by petition and who alleged that they held judgments prior to the judgment in the present cause. What rights these strangers to

the record had in this cause it is difficult to see. They were neither plaintiffs nor defendants. "No man can make himself a party to pending litigation between others by his own act or statement on the record:" Phila. to use v. Jenkins, 162 Pa. 451, WILLIAMS, J.

The petitioners have no standing in the present cause. Their rights are limited to the causes in which they are parties litigant, or they may proceed against the sheriff to compel him either to distribute the money under the executions which they claim to control, or to pay the money into court where the rights of the several execution creditors in the fund can be determined.

The order of the court below is, therefore, reversed, and the order striking off the levy set aside.