# Chase, Appellant, *v.* Fisher.

*Receivers—Receivers' sale—Adequacy of price—Description of property—Application to set aside sale.*

1. On an appeal from a decree of the Common Pleas refusing to set aside a receiver's sale and confirming the sale, all the testimony must be viewed in the light most favorable to the appellee.

2. In such a case if no request for definite findings of fact or conclusions of law are made to the court below, the appellate court, in reviewing the record on every issue between the parties, where sufficient proof appears to support the position taken below in favor of the appellee, will take it that the court below found and concluded accordingly.

3. A receiver's sale of the property of an insolvent corporation will not be set aside at the instance of a bondholder, where the price is not clearly shown to have been inadequate, and it does not appear that the advertisement of the sale was insufficient or misleading, and where the objecting bondholder filed no exceptions to the account of the receiver of the money derived from the sale and delayed his appeal for seven months from the date of the confirmation of the account.

Argued Jan. 13, 1913. Appeal, No. 310, Jan. T., 1912, by plaintiff, from decree of C. P., Huntingdon Co., May T., 1911, No. 137, refusing to set aside receiver's sale in case of Theodore L. Chase v. George W. Fisher, purchaser, and W. H. Trude, receiver of the Ashville Coal & Coke Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition to set aside receiver's sale. Before A. W. JOHNSON, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

*Error assigned* was decree refusing to set aside receiver's sale.

*William I. Schaffer,* with him *W. M. Henderson* and *J. H. Brinton,* for appellant.

*Wm. Wallace Chisolm,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, March 17, 1913:

This proceeding was brought for the purpose of having a receiver's sale of the property of the Ashville Coal & Coke Co. set aside for inadequacy of price and misdescription in the advertisement. Since the Common Pleas refused the appellant's petition and confirmed the sale, all the testimony must be viewed in the light most favorable to the appellee. "No request for definite findings of fact or conclusions of law were made to the court below; hence, in reviewing this record, on every issue between the parties where sufficient proof appears to support the position taken below in favor of the appellee, we must take it that the court found and concluded accordingly": Haines v. Elfman, 235 Pa. 341, 345. The petitioner was a stockholder and the owner of first mortgage bonds of the coal company in question; the issue of these bonds amounted to $20,000 of which the appellant held $7,500, and there were second mortgage bonds amounting to $40,000, all of which had been issued to bona fide purchasers at par. The corporation had financial difficulties and a receiver was appointed who offered its property for sale on September 22, 1911, and received a bid of $10,000 subject to the first mortgage. Those interested were not satisfied with this bid and the sale was adjourned to October 31, 1911, when the property was again put up. Due advertisement was had and the bidder at the prior sale was notified but did not renew his offer, and no other bids were received. Subsequently by consent of all the first mortgage bondholders the court decreed a sale of the property free and discharged of the mortgages; the sale was held February 9, 1912, and was attended by a representative of the appellant, who was an assistant in the office of the latter's attorney. Prior to this sale the appellant had been notified that the property would be knocked down to the highest bidder;

at the time of the sale his attorney was kept advised over the telephone of the exact condition of affairs and was specifically told that $11,000 was the best bid that could be secured, and he agreed that it should be allowed to go at that price upon the understanding that the purchaser was bidding for himself and such other first and second mortgage bondholders as might desire to participate in the purchase, including the appellant. So far as the record indicates, all the bondholders and other parties in interest were satisfied to allow the sale to stand with the exception of the appellant, who refused to abide by the understanding which the purchaser had with his attorney and sought to have the sale set aside.

While the appellant stated in his petition to the court below that he believed the property could be sold at a large advance over the bid of $11,000 and offered "to purchase the same, or secure a purchaser therefor, for at least the sum of $13,000," the answer denied that any bona fide offer in advance of the bid had been made, and averred that under the rules of the court below, "before the court will consider an application to open a sale, a bid must be made of at least 10 per cent. in excess of the bid for which the property was knocked down, accompanied by a bond with good and sufficient sureties," and that no such bond had been tendered. At the hearing the appellee presented evidence to show that after most strenuous efforts the bid of $11,000 was the best that could be secured, and the testimony indicates, at the least, that it is problematical if the original bid of a much larger sum was bona fide and would have been carried to fulfilment had it been accepted. The receiver had to sell for the reason that the bankrupt corporation was obliged to meet royalties on its holdings, the non-payment of which would have meant a great if not an entire loss of its assets; to do this he had to borrow money and the sources upon which he had been drawing refused further assistance. Hence, when the appellant applied to the court below to set aside the sale the rule

was allowed only upon condition that he should give the receiver $250 in cash, to pay the current monthly royalty pending disposal of his petition, which he did. The decree dismissing the petition and confirming the sale was entered March 15, 1912; April 13, 1912, the receiver stated an account which was confirmed nisi on May 15, 1912; May 20, 1912, no exceptions having been filed, the account was confirmed absolutely and the appellant was tendered and accepted from the fund for distribution the $250 which he had theretofore paid; several months thereafter, on September 4, 1912, this appeal was taken.

The appellee contends that the receiver's sale was a fair one after due notice; that all who desired, including the appellant, were given a proper opportunity to bid, and that although the latter might refuse to participate, it would be unjust and inequitable at this time to set aside the sale and up-root the rights of the other bondholders who desired to protect themselves through the purchase. As stated in Stroup v. Raymond, 183 Pa. 279, 281, "It is settled that the setting aside or refusing to set aside a sheriff's sale, is in the sound discretion of the court below; and unless there be a manifest and gross abuse of that discretion, this court will not disturb the decree"; further, "Inadequacy of price......is not of itself a sufficient reason." We are not satisfied that the advertisement was insufficient or misleading, and under all the circumstances we cannot say that the court below abused its discretion when it refused to set aside the sale in this case.

The assignments of error are overruled and the decree is affirmed at the cost of the appellant.