# Watkins *v.* Justice (No. 1).

*Sheriff's sales—Mortgage—Inadequate price—Rule to set aside—Witnesses—Depositions—Rule of court—Waiver of rule—Discretion of court.*

1. The setting aside of a sheriff's sale is within the discretion of the court below and in the absence of manifest abuse of discretion

the Supreme Court will not interfere. Inadequacy of price alone is not sufficient reason for setting aside a sale.

2. Where a bank, holding mortgages and other liens totaling $113,000 against a property, purchased the property at a sheriff's sale for $22,000, exceptions to the sale filed by a subsequent lien creditor alleging that the bank had collected rents approximating $50,000, which was more than the total debt represented by the judgment under which the sale was made, and that the price paid was inadequate, and that such creditor would bid at least $86,000 if a subsequent sale were held, were properly dismissed where it appeared that the amount of $86,000 would have been insufficient to cover the first and second mortgages held by the bank and that no advantage would result to such lien creditor from a resale.

3. The lower court did not commit an abuse of judicial discretion in refusing motions for leave to take the depositions of witnesses, where the motions were not made as required by the rules of court, and where the taking of such depositions would have delayed the determination of the case.

Argued October 19, 1916. Appeal, No. 104, Oct. T., 1916, by Ellwood Lumber Company, from decree of C. P. Allegheny Co., July T., 1915, No. 701, dismissing exceptions to sheriff's sale in case of C. B. Watkins, for use of the German Savings & Deposit Bank v. William M. Justice. Before BROWN, C. J., MESTREZAT, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Exceptions to sheriff's sale. Before DAVIS, J.

The facts appear by the opinion of the Supreme Court.

The lower court dismissed the exceptions. The Ellwood Lumber Company, a lien creditor and exceptant, appealed.

*Error assigned,* among others, was the decree of the court.

*George W. Flowers,* for appellant.

*W. W. Stoner,* with him *W. H. Lemon,* for appellee.

OPINION BY MR. JUSTICE FRAZER, January 8, 1917:

The German Savings and Deposit Bank, the use-plaintiff, held five mortgages against defendant, one of which, a first lien, with interest and costs added, represented a debt of $62,500.41. Foreclosure proceedings were begun on another mortgage, a second lien, C. B. Watkins, mortgagee, for use of the bank, upon which judgment was obtained August 13, 1913, for the sum of $22,827, on which judgment a pluries levari facias was issued June 18, 1915, and fourteen brick dwellings belonging to defendant levied upon. Conformably to this writ the sheriff advertised the property for sale and sold it July 9, 1915, to the use-plaintiff for the sum of $7,980.55. The purchase-money was paid February 18, 1916, and on the following day a deed was duly executed and acknowledged by the sheriff conveying the property to the purchaser. Before its delivery, however, the Ellwood Lumber Company, appellant, a judgment creditor of defendant, filed exceptions to the sale alleging inter alia failure of the sheriff to post the premises as required by law; that the use-plaintiff previous to the sale collected rents from tenants occupying the several properties aggregating $50,-000, a sum more than the total debt represented by the judgment under which the sale was made; and that the price paid was totally inadequate, the property being worth at least $100,000 and would bring that sum at a public sale properly conducted. Exceptant also averred that at a previous sale, afterwards set aside by the court at request of counsel, the property was sold to the same purchaser for the sum of $36,200. The exceptions concluded with a proposal to bid at least $16,000 upon a resale, which proposal, in a replication subsequently filed, was changed to an offer to bid $86,000 for a clear title to the property. An answer filed by the German Savings & Deposit Bank denied the alleged irregularities in conducting the sale and the inadequacy of price, admitting, however, the receipt of rents and a previous sale at which it bid $36,200 for the property and averring the rents so

received are, by agreement with the mortgagor, to be applied to the mortgages held by the bank in their inverse order, and that no part of the income will be applicable to either the first or second mortgages, as the net amount will not exceed the indebtedness secured by the three junior encumbrances. The answer further set out that if exceptant were to bid $86,000 at a resale such bid would be ineffective for the reason the liens and encumbrances ahead of the judgment of exceptant far exceed the amount of the proposed bid.

On April 26, 1916, a rule was entered by exceptant to take depositions of witnesses "to be read in evidence at the trial of the above cause in case of the death, absence out of the State, or other inability of such witnesses to attend." This rule, on motion of the use-plaintiff, was quashed for the reason that "no affidavit to take the testimony of ancient, infirm or going witnesses is filed of record as required by rule of court." The exceptions were called for argument May 5, 1916, at which time appellant filed a motion requesting the court to appoint a commissioner to take testimony and also renewed its offer to bid $86,000 at a resale of the property. This motion was refused and the exceptions dismissed, from which order this appeal is taken.

Rule 78 of the Court of Common Pleas of Allegheny County provides that "The testimony of witnesses to be used on the hearing of motions and rules to show cause shall be taken on reasonable notice before any justice of the peace or other competent authority and if deemed necessary a rule for the purpose may be entered of course by the prothonotary on application of either party and no witness shall be examined at bar without special order of the court." Rule 74 of the same court provides: for the taking of "depositions of ancient, infirm and going witnesses within five miles of the court house on twenty-four hours' notice or on four days' notice in other parts of Allegheny County, provided the party filed an

affidavit of the facts necessary to entitle him to such rule." In taking the rule for depositions appellant's motion was apparently made under Rule 74 instead of Rule 78. Under the former, an affidavit is required which in this case was not furnished. That the court below in its discretion might waive strict compliance with the rule, if circumstances warrant, or continue the case and permit appellant to file a new rule, is well settled. Under the circumstances of this case we cannot say the court abused this discretion either in the enforcement of its rules (Webster v. Monongahela River Consolidated Coal & Coke Co., 201 Pa. 278; American Structural Steel Co. v. Annex Hotel Co., 226 Pa. 461), or in refusing to further delay argument on the exceptions: Pringle v. Pringle, 59 Pa. 281; Commonwealth v. Ezell, 212 Pa. 293.

The third assignment of error. refers to the action of the court below in refusing to set aside the sale. Inasmuch as there is no testimony in support of the exceptions the question must be determined in view of the facts averred in the exceptions filed by appellant, the answer filed by the use-plaintiff and the replication thereto. The encumbrances against defendant's property ahead of appellant's judgment consist of a first mortgage of $55,000 which, with costs and expenses, is represented by the judgment of $62,500.41; a second mortgage represented by the judgment under which the sale was made amounting to $22,827; and three other mortgages of $10,000, $5,000 and $5,000 respectively, making a total of $105,327.41 encumbrances. Adding to this the sum of $7,980.55, the amount bid by the use-plaintiff for the property, which represents the amount of actual costs of the proceeding and taxes against the property, makes the sum necessary to cover the use-plaintiff's claim against the property $113,307.96. As against this amount there was received by the use-plaintiff certain income from the properties, which proceeds it avers will be properly applied. Should we omit the three

small mortgages claimed by appellant to be without consideration, of which however there is no proof, we have the two judgments and the sum bid at the sale, amounting to $93,307.96, due the bank. Assuming appellant on a resale should bid the amount of $86,000 that sum is insufficient to cover the first and second mortgages held by the use-plaintiff and no advantage would result to appellant from such resale.

A well settled rule is that setting aside a sheriff's sale is within the discretion of the court below and in absence of manifest abuse of discretion this court will not interfere. It is also definitely settled that inadequacy of price alone is not a sufficient reason for setting aside a sale: Stroup v. Raymond, 183 Pa. 279; Chase v. Fisher, 239 Pa. 545; Snyder v. Snyder, 244 Pa. 331

The judgment is affirmed.