## Iron & Glass Dollar Savings Bank v. Wigman.

*Sheriff's sale—Resale—Setting aside sale.*

1. Where the owner of a second lien on a property purchases the property at a sheriff's sale, and is prevented by a rule of the fuel administrator as to the operation of elevators, from reaching

with his attorney the sheriff's office, at a certain hour when the purchase money was to be paid, and the property is sold at a second sale, the first purchaser is entitled to have the second sale set aside, when he shows that he had money with him to pay the purchase price when he tried to reach the sheriff's office, that he was eighty-six years old, that he was delayed by reason of the fuel rule, and that he had entered a bond with the sheriff to bid $2,200 in excess of the bid at the second sale, if another sale were ordered; the first purchaser to reimburse the second purchaser his expenses.

2. An acknowledgment of a sheriff's deed will be set aside, where it appears that exceptions to the sheriff's sale were pending when the acknowledgment was made; the Act of April 22, 1905, so provides.

Argued Feb. 11, 1919. Appeal, No. 27, Oct. T., 1919, by B. C. McClure, Potter Title & Trust Co., W. C. McClure and C. J. Holleman, from order of C. P. Allegheny Co., Oct. T., 1918, No. 190, setting aside sheriff's sale in case of Iron & Glass Dollar Savings Bank of Birmingham v. Gwendolen P. Wigman and William H. Wigman. Before BROWN, C. J., STEWART, FRAZER, SIMPSON and KEPHART, JJ. Affirmed.

Rule to set aside sheriff's sale.

SHAFER, P. J., filed the following opinion:

In this case exceptions were filed to the sheriff's sale and afterwards a deed was acknowledged notwithstanding the filing of these exceptions, and the exceptions were then renewed to the acknowledgment of the deed. The Act of April 22, 1905, regulating sheriff's deeds provides in section four that no deed shall be acknowledged pending a motion to set aside the sale on exceptions made to its confirmation. This puts upon the sheriff the necessity of ascertaining before he acknowledges a deed whether such exceptions are pending or not, and the acknowledgment must therefore be set aside as being prematurely made. The exceptions to the sale are founded upon this state of facts: The Iron & Glass Dollar Savings Bank had a mortgage of $10,000 on the property in question, which was a first lien thereon, and William Wigman, the exceptant, had a mortgage for $6,000, which was the sec-

ond lien on this property. Upon the fi. fa. in this case issued on the judgment on the bond accompanying the first mortgage, the property was sold at sheriff's sale on the first Monday of September, 1918, to William Wigman for $12,800. The terms of the sale were those usual in this county and included the requirements of payment of the purchase money on or before the following Friday at ten o'clock a. m. Mr. Wigman, who is a man of eighty-six years of age, went from his home on the South Side in Pittsburgh on the morning of the Friday following the return day, having with him a certified check for ten thousand odd dollars, being enough to pay the first mortgage and costs, he being the second mortgagee and therefore entitled to pay the balance of his bid with his mortgage. He endeavored to go to the office of his attorney, Mr. W. H. Lemon, in the Frick building next to the court house, for the purpose of having him go with him to make payment. At that time, under the orders of the United States fuel administrator, elevators were not started in the Frick building and other office buildings until ten o'clock, and there was a very large number of people waiting to be carried up in the elevator. In consequence, Mr. Wigman did not get to his attorney's office until about twenty minutes after ten, and by the time his attorney reached the sheriff's office, or the office of Mr. McCreery, the attorney for the plaintiff in the writ, it was discovered again the property had been sold for $12,-800. The exceptant offers to bid $15,000 and has filed a bond with the sheriff to make good his offer if the property is resold. It appears, whether the purchase at the first sale was originally intended to be so, it is now to be treated as being made for the benefit of some relative of the defendant Gwendolen P. Wigman, who is a daughter-in-law of the exceptant. We are clearly of opinion that it would be a gross injustice to allow this sale to stand under the circumstances.

It appears from the evidence that the purchaser at the second sale procured a loan from the Potter Title & Trust

Company and paid to the sheriff the amount of his bid. He has, therefore, been at some expense, at least the interest on the amount, since it was paid. We are of opinion that the exceptant ought to pay to the purchaser some compensation for a loss which he would otherwise incur. We are of opinion that the sum of one hundred dollars is sufficient for this purpose. The sale will therefore be set aside provided the exceptant pay to the prothonotary for the use of the purchaser the sum of one hundred dollars within one week after notice hereof.

*Error assigned* was in setting aside the sale.

*John C. Bane,* for appellants, cited: Stroup v. Raymond, 183 Pa. 279; Young's App., 2 P. & W. 380; Westmoreland Guarantee B. & L. Assn. v. Nesbit, 21 Pa. 150.

*W. H. Lemon,* with him *J. Rodgers McCreery,* for appellees, cited: Snyder v. Snyder, 244 Pa. 331; Chase v. Fisher, 239 Pa. 545; Stroup v. Raymond, 183 Pa. 279.

PER CURIAM, March 10, 1919:

This appeal is dismissed, at the costs of the appellants, on the opinion of the learned president judge of the court below, in pursuance of which the sheriff's sale was set aside.