# Wagener et al. *v.* Yetter et al., Appellants.

# Wagener et al. *v.* Wise et al., Appellants.

*Sheriff's sale—Setting aside sale—Inadequacy of price—Irregularities—Parties—Interest of defendant in execution—Costs.*

1. Defendants in an execution have a standing to set aside a sheriff's sale where the pleadings and depositions in the case show that they were in possession either as owners, or bailees for others, of the goods sold.

2. In such case, where defendants in the execution state in rules taken by them to set aside the sales that they are not the owners, and plaintiffs deny this and no replication is filed, the status of defendants as to the property remains as it was when the writ of execution issued asserting their ownership.

3. Mere inadequacy of price without more is not enough for setting aside a sheriff's sale, but where the inadequacy is so great as to shock the conscience of a chancellor, the appellate court will seize even upon slight circumstances in order to give relief.

4. A sheriff's sale will be set aside where, in addition to gross inadequacy of price, it appears that the sale was conducted after the hour appointed, that the auctioneer appointed to cry it, and one who had come prepared to pay the sum due, had left, assuming the auction would not be held, and that defendant had no actual notice of the sale.

5. In such case, the petitioners were ordered to pay all the costs and expenses up to the time of taking the appeal, except the sheriff's costs, for actually making the sale.

Argued March 10, 1924. Appeals, Nos. 175-8, from orders of C. P. Northampton Co., June T., 1922, Nos. 55 and 56, June T., 1922, discharging rules to set aside sheriff's sale, in cases of D. D. Wagener et al. v. Peter F. Yetter, and Superior Albion Slate Co., and D. D. Wagener et al. v. George H. Wise, and Bangor Trust Co., petitioner. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Rules to set aside sheriff's sales.  Before McKeen, J.
The opinion of the Supreme Court states the facts.
Rules discharged.  Defendants appealed.

*Errors assigned* were, inter alia, orders, quoting them.

*D. B. Rockwell,* of *Kent & Rockwell,* for appellants.—
Any interest, however slight or remote, is sufficient to
require or justify making its possessor a party: Dusley
v. Fitzharding, 6 Ves., Jr., 251.

An execution defendant may avail himself of irregu-
larities in the conduct of the sale, or in the levy of the
execution, and is entitled to move or sue to set aside the
sale.

The court will set aside a sale of personal property if
the sale is so irregular or fraudulent as to produce a
sacrifice of the property: Macakness v. Long, 85 Pa.
158; Barnes v. Skiles, 30 Pa. Superior Ct. 418; Germer
v. Ensign, 155 Pa. 464; Totten v. Cooper, 129 Pa. 314.

*Frank P. McCluskey,* for appellees.—Mere inade-
quacy of price is not sufficient to set aside a sheriff's
sale of real estate: Nutt, Admrx., v. Berlin, S. C. and C.
M. Co., 262 Pa. 417; Stroup v. Raymond, 41 W. N. C.
227; Barnes v. Skiles, 30 Pa. Superior Ct. 418.

The law presumes that a public judicial sale is made
in good faith.  This presumption stands unless over-
thrown by clear and satisfactory evidence of fraud or
unfair means: Barton v. Hunter, 101 Pa. 406.

Opinion by Mr. Justice Schaffer, April 14, 1924:

On the record before us we have the somewhat chal-
lenging situation that, on a levy for costs amounting to
$81, in two habere facias possessionem proceedings, the
sheriff sold property said to be worth $15,000, and certi-
fied to us by the judge who heard the case as being worth
at least $5,000, to one of the plaintiffs for $81.  In ad-
dition to this, the execution defendants, by the order

made, were denied standing to petition to set the sale aside as though they were entire strangers to the proceeding.

Yetter, one of the defendants, was the lessee from plaintiffs of one slate quarry, and Wise, the other defendant, of another. As a result of the failure to meet the requirements of their leases, judgments in ejectment were confessed against them and the writs for delivery of possession to the lessors went out. These writs contained a clause of fi. fa. for costs, under which the sheriff levied upon the personal property on each leasehold for the amount due him for costs, in one instance amounting to $40, and in the other to $41, and proceeded to advertise the personal property for sheriff's sale. Notice of the sales was not given to either defendant and neither knew of them until after they were over. Hess, treasurer of the Bangor Trust Company, learned they were to take place on the day set, shortly before the hour fixed, and went to the properties, which were remote from the public road, with money in hand to pay the costs. He there met the auctioneer sent by the sheriff to conduct the sale, waited around with him for almost an hour beyond the time designated for it to occur, when, a severe storm coming up, both concluded the sale would not take place that day; the auctioneer thereupon left, followed by Hess. After their departure, the sheriff came to the property with two of the plaintiffs and one other person, held the sales,—the two plaintiffs going through the form of bidding against each other,—and struck down to one of them the personalty, of the value named, for the amount of the costs, $81.

The defendants, Yetter and Wise, petitioned the court to set aside the sales, and tendered certified checks for all the costs to that date. Rules to show cause were granted, which were afterwards discharged, because petitioners "had failed to establish any legal or equitable title in the property levied upon and sold." While it is the fact that in their petitions defendants said that the

articles sold were not their property, plaintiffs in their answers denied this and no replication was filed. As the record stood, therefore, their status as to the property remained as it was when the writ issued asserting their ownership; that is, they were in posssession, either as owners or bailees for others. This conclusion is borne out by the depositions, which show, although somewhat imperfectly, what their relations were to the property, that Wise had purchased the part levied upon as his at a bankruptcy sale, and, by papers duly executed, had pledged it to the Bangor Trust Company, which held it as collateral security, and that Yetter had some interest in it in connection with the Superior Albion Slate Company. As the record stood, with defendant's denial of ownership traversed by plaintiffs and no replication filed, we think the court was mistaken in the reason it gave for discharging the rules to set aside the sales, for whether as owners or bailees appellants had such an interest, either for themselves or their bailors, as entitled them to be heard.

We are not unmindful of the rule that mere inadequacy of price without more is not enough for setting aside a sheriff's sale (Watkins v. Justice, 256 Pa. 37), yet where, as here, the inadequacy is so great as to shock the conscience of a chancellor, this court will seize upon even slight circumstances in order to give relief: Light v. Zeller, 195 Pa. 315; Ritter v. Getz, 161 Pa. 648. When to the gross inadequacy of price here appearing are added the facts that the sales were conducted after the hour appointed, that the auctioneer hired to cry them and one who had come prepared to pay the costs, had left assuming the auction would not be held, that there were only two bids on each article, and finally that the defendants had no actual notice of the sales, we think there was sufficient to require them to be set aside and the court erred in determining otherwise.

The conclusion reached as above obviates the necessity for reviewing the action of the court below in sum-

marily dismissing the petitions of the Albion Slate Company and the Bangor Trust Company, for leave to intervene, in order that they also might move to set aside the sheriff's sales.

The assignments of error are sustained and it is directed that the rules to set aside the sheriff's sales be and the same are hereby made absolute, at the cost of appellees, upon petitioners paying to appellees all the costs and expenses up to the time of taking these appeals, except the sheriff's costs for actually making the sales.