Warren Pearl Works *v.* Rappaport et ux.

Goldberg's Appeal.

Argued February 3, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*B. D. Oliensis,* with him *Herman Blumenthall,* for appellants.—The court has no power to set aside a sheriff's sale after the deed had been duly acknowledged, except for fraud or want of authority in the officer who made the sale: Cooper v. Wilson, 96 Pa. 409; Media T. & T. Co. v. Kelly, 185 Pa. 131; Clough v. Welsh, 229 Pa. 386; Collins v. Phillips, 236 Pa. 386; McLanahan v. Goodman, 265 Pa. 43; Weaver v. Lyon, 2 Sadler 403; Jackson v. Gunton, 26 Pa. Superior Ct. 203; Calvin v. C. & C. Co., 90 Pa. Superior Ct. 560; Podol v. Shevlin, 284 Pa. 32; Fenton v. Joki, 294 Pa. 309.

The objectors were debarred from relief by their laches: Spragg v. Shriver, 25 Pa. 282; Clough v. Welsh,

229 Pa. 386, 392; Collins v. Phillips, 236 Pa. 386, 394; McLanahan v. Goodman, 265 Pa. 43.

*John S. Sinclair,* with him *William Clarke Mason,* for appellees.—The court was within its sound discretion in setting the sale aside although the deed had been acknowledged prior to the filing of the petition: Foulke v. Millard, 108 Pa. 230; Evans v. Maury, 112 Pa. 300; Cooper v. Wilson, 96 Pa. 409; Fenton v. Joki, 294 Pa. 309.

OPINION BY MR. JUSTICE SIMPSON, March 16, 1931:

This is an appeal from an order of the court below setting aside a sheriff's sale of real estate. The decision is so clearly correct as to require but little to be said in its support.

Upon ample evidence, the court below found the following facts: Three improved properties were sold as if but one property, for $3,350. At the time of the sale, the encumbrances on them were: (1) A mortgage of $2,000, which was not discharged by the sale; (2) a judgment for $1,000 which had been fully paid long before the sale, but which had not been satisfied of record, although the judgment creditor had promised to do so; and (3) three mortgages, belonging to appellees, for $13,000, $17,000 and $3,800 respectively, which, if the sale is carried through, will be discharged, because the judgment of $1,000 had not been satisfied of record: Reading v. Hopson, 90 Pa. 494; Reisinger v. Garrett Smokeless Coal Co., 262 Pa. 530, 534; Penna. Co. for Ins. on Lives, etc., v. Halpern, 273 Pa. 451, 455; Colonial Trust Co. v. Lincoln Drive Apartments Corp., 299 Pa. 117. At the time of the sale the three properties were worth $31,000. The mortgagees did not bid at the sale, because they were informed by counsel for the execution creditor that their mortgages would not be discharged.

238

The facts above stated disclose far more than the "slight circumstances" which, with the gross inadequacy of price here appearing, would fully justify the setting aside of the sale: Wagener v. Yetter, 280 Pa. 229. Moreover, in Delaware Co. Nat. Bank v. Miller, 303 Pa. 1,—a case in many respects like the present, since there, as here, a number of improved properties were sold as but one, a misunderstanding existed as to whether or not the encumbrances would be discharged by the sale, and the price realized was grossly inadequate,—we state at page 6: "It has often been said that [a sheriff's sale will not be set aside] for a mere inadequacy of price, without more; but no case goes so far as to say that a chancellor must confirm a sale where the inadequacy is so great as to shock his conscience, as would be the case here. After all, the ultimate test always is, whether or not the action of the court in setting aside the sale was a gross abuse of discretion (Stroup v. Raymond, 183 Pa. 279, 281; Chase v. Fisher, 239 Pa. 545, 548; Lefever v. Kline, 294 Pa. 22), and he would be a strange student of the law who would conclude that a chancellor grossly abused his discretion by refusing to do that which would have shocked his conscience." That quotation exactly fits the present appeal.

Counsel for appellants urge, however, that the Miller Case has no application here, because there the deed to the purchaser at the sale had not been acknowledged when the application was made to set it aside, while here the deed had been acknowledged, though it had not been delivered or recorded. Appellants contend, and cite a number of early cases which hold, that, after a sheriff's deed has been acknowledged, it is error to set aside a sale, unless there was "fraud or absence of authority to sell." Perhaps it would not be difficult to show, from the pleadings alone, that there was sufficient fraud in the instant case, but we need not go into this question, since the Act of April 22, 1905, P. L. 265, is now conclusive thereof.

By section 3 of the statute, the acknowledgment of sheriff's deeds, which previously had been made in open court, was directed to be made thereafter "before the prothonotary or clerk of the court out of which the writ issued, or his deputy"; and section 4 provides: "No deed shall be acknowledged before the return day of the writ under which the sale was had, or pending a motion to set aside the sale, or exceptions made to its confirmation; nor shall a deed be delivered while such a motion or exceptions are pending, whether made before or after acknowledgment, and until the expiration of such further time, if any, as the court may direct by rule, or special or standing order. At the expiration of the times stated, and after the final disposition of all such motions or exceptions, if any such be made, the prothonotary or clerk shall deliver the deed to the sheriff or coroner, who shall forthwith cause it to be registered in the proper office, if registry be required, and recorded in the office for the recording of deeds and so forth for said county. The acknowledgment of the deed, and its delivery to the sheriff or coroner for the purpose of recording, shall operate as a delivery to the grantee or grantees named therein, with the same effect as if acknowledged in open court, under existing laws, and as if delivered to such grantee or grantees personally." It will be noticed that under this section the mere acknowledgment before the prothonotary or clerk is not to have the same effect as an acknowledgment in open court previously had, but that there must now be both "the acknowledgment of the deed *and* its delivery to the sheriff or coroner for the purpose of recording" before it shall have "the same effect as if acknowledged in open court, under existing laws." The rule of the court below, passed in pursuance of this statute, requires the prothonotary to hold the deed for one week, before delivery for recording. During that week, the motion to set aside the sale was made in this case. Hence, especially as the section also says that any one interested may

make such a motion "before or after acknowledgment" of the deed, the motion, made within that week, had the same effect, under this act, as if it had been made before acknowledgment in open court under the previous practice.

Appellants also contend that, in some of our decisions since the passage of the Act of 1905, there are statements to the effect that motions to set aside sheriff's sales must be made before acknowledgment of the sheriff's deed. Appellees claim, on the other hand, that a proper consideration of all that was said in those cases will show that, despite the sentences excerpted by appellants, the actual decisions do not sustain their contention. It is not necessary, however, to decide this controversy, for in none of the cases cited by either party did it appear that the motion to set aside the sheriff's sale was made between the date of acknowledgment of the deed and its delivery, and hence the statute, in the respect now under consideration, had no bearing on the questions there raised. Indeed, in but two of the cases was the statute even referred to: Iron & Glass Dollar Savings Bank v. Wigman, 264 Pa. 146, where the exceptions to the sheriff's sale were made before the erroneous acknowledgment of the deed, and Fenton v. Joki, 294 Pa. 309, where, in direct violation of the language of the statute, the deed was acknowledged and delivered before the return day of the writ. In each case it was held that the acknowledgment had no effect whatever, and this would have been so even before the passage of the Act of 1905.

It follows that the petition to set aside the sheriff's sale was made in proper time, and the court below committed no error in setting it aside.

We add, with much regret, that this record discloses a strong probability that at least one of the counsel concerned,—who, however, did not appear as counsel in this court,—temporarily forgot the oath he took on his admission to the bar. The sworn answer which he filed, and which, judging from the language used, must have

been prepared by an attorney, contains three statements which are mutually contradictory, and at least two of them are necessarily untrue. Counsel are not justified in filing such papers even though their clients are willing to swear to them; certainly their preparation, for the client to swear to, is wholly without excuse.

The order of the court below is affirmed at the cost of appellants.