From William R. Toal, Media, Pa.

## Macri v. Misiti et al.

*William S. Bailey*, for petitioner; *Paul W. Orth*, contra.

WICKERSHAM, J., January 24, 1934.—On December 14, 1933, the Sheriff of Dauphin County sold the one-half interest of the defendants in a property known as 1405 South Cameron Street, Harrisburg, Pa., to the execution plaintiff for the sum of $485.11. This sale was properly advertised in two newspapers of general circulation in the county, and by printed handbills, as required by law, but the first advertisement in the Dauphin County Reporter, the legal periodical for Dauphin County, appeared in the issue of November 29, 1933, not 3 full weeks before the date of the sale; the third advertisement in said legal periodical appeared in the issue of December 13, 1933, which actually did not leave the presses and was not actually published until December 15, 1933, the day after the sale.

Two questions are involved:

1. Should the sale be set aside because not advertised according to law?

2. Is there any law requiring the defendants in an execution, who are also the owners of the land sold at sheriff's sale, to give security for all costs before their rule to set aside the sheriff's sale can be considered?

It is admitted by stipulation that the sale was properly advertised in two newspapers and by printed handbills, one of which was posted upon the premises occupied by the plaintiff and the defendants, as required by the Act of July 22, 1919, P. L. 1089, 45 PS § 81. Plaintiff did not comply, however, with

the latter part of paragraph 1 of said act, which provides, after referring to the advertisement in two newspapers, as follows:

". . . and all notices under this act shall also be published in the legal periodical, if any, designated by the rules of court of such county for the publication of legal notices."

Rule 38 of the rules of this court provides:

"In all proceedings in the several courts of this county where, by law or order of the court, publication of notice is required to be made in a legal periodical, such notice shall be published in the 'Dauphin County Reporter,' which is hereby designated the legal periodical for Dauphin County."

It being admitted that the publication in the Dauphin County Reporter did not comply with the act of assembly and the rules of this court, we are of opinion that the sheriff did not have authority to sell the property of the defendants.

Counsel for the plaintiff relies upon the decision of the Supreme Court in Warren Pearl Works v. Rappaport et ux., 303 Pa. 235. He contends that the ruling in this case is controlling because the sheriff's deed was recorded and delivered to the plaintiff before the petition of the defendant was presented praying for a rule to show cause why the sale should not be set aside. This case holds:

"Under the Act of April 22, 1905, P. L. 265, a motion to set aside a sheriff's sale of real estate may be made at any time before the delivery of the sheriff's deed for the purpose of recording, even though, at the time of the application, the deed had already been acknowledged by the sheriff. In this respect the pre-existing law is changed by the statute.

"If a sheriff's deed has been acknowledged and delivered after the return day of the writ under which the sale was made, and while there was no motion to set it aside, nor any exceptions filed to its confirmation, the sale cannot afterwards be set aside except for fraud *or absence of authority to sell the property.*" (Italics are ours.)

Counsel for the plaintiff evidently overlooked the words which we have italicized. It is apparent that if the sheriff had no authority to sell the property, then the decision upon which plaintiff relies cannot apply.

Counsel for plaintiff, in his petition to discharge the rule of defendants, also relies upon an opinion of President Judge Johnson in the case of Excelsior Saving Fund v. Cochran, 10 Del. Co. 10. We cannot agree that this case is controlling. What Judge Johnson had before him were exceptions to the sale because the properties were sold in bulk and not separately. It also appeared that in the advertisement published in the legal periodical for Delaware County the property was improperly described and the plaintiff's name was omitted. It does not appear, however, that the advertisement in said legal periodical was not published 3 full weeks before the sale, and in that it differs from the instant case. We cannot, therefore, follow this decision.

We think the first question involved must be answered in the affirmative, for the reasons hereinbefore set forth.

The second question involves must be answered in the negative. This is not a petition to set aside a sale for inadequacy of price, and therefore the authorities relating thereto do not apply in the instant case.

And now, January 24, 1934, it is ordered, adjudged, and decreed that the sheriff's sale of the property of defendants must be and is hereby set aside; and the rule granted by this court to show cause why the sheriff's sale of the aforesaid property should not be set aside is made absolute.

From Homer L. Kreider, Harrisburg, Pa.