## Moyer *v.* Meray et al., Appellants.

Argued November 19, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Webster Grim,* of *Grim & Grim,* for appellants.

*John Ross,* of *Ross & Ross,* for appellee.

OPINION BY HIRT, J., April 14, 1942:

This is an appeal from an order refusing to set aside a sheriff's sale of real estate. The premises sold were levied upon as the property of defendant, Fanny Meray, being a farm of five contiguous tracts, comprising forty-six acres of land. She had acquired title to the land from her mother, Fanny Meray, one of the appellants, by deed dated August 16, 1929, absolute on its face, purporting to convey a fee simple estate. Her deed was duly recorded and the record title to the entire farm remained in her to the time of the sale. She, with her brother, Eugene Meray, had given a note for $200 to the plaintiff on December 9, 1929, and the sale

of her land by the sheriff was upon an execution issued on the judgment entered thereon. At the sale plaintiff bid $421.57, being the amount of the debt with interest, costs and unpaid taxes. Thereupon, John Strand a stranger to the proceeding, bid $422 and the land was struck down to him, that being the highest and best bid. The sheriff's deed to him was acknowledged before the prothonotary, whereupon Wilma Miller, a sister of defendants, filed exceptions to the confirmation of the deed and, later, petitioned to set aside the sale, in which her mother the other appellant joined, alleging in effect: That the deed to Fanny Meray, though absolute in its terms, was upon an oral trust, for the maintenance of her mother for life with remainder to her children; that prior to the conveyance of the whole farm to Fanny Meray, her mother had conveyed a part of the land known as tract number 5 to Wilma Miller, the exceptant, in fee simple "but the deed for the same which had been prepared, executed and acknowledged ...... was lost or mislaid and not recorded." It is also contended that the purchase price of $422 was grossly inadequate; Wilma Miller offered to produce a bidder able and willing to pay $500 for the land exclusive of tract number 5 and subject "to the equities of the mother."

The issues were before the lower court on the petition of appellants and the answers of the purchaser and the plaintiff in the execution. The order will be affirmed. Appellants were strangers to the judgment and the writ and they have no standing to question the validity of the sale.

It is a fundamental principle that, on the sale of land upon execution, strangers to the record may not attack the sale except for collusion amounting to fraud. "It has long been settled that, though a judgment may be set aside or be reversed on error, for irregularity, it cannot be impeached collaterally, except upon proof of fraud; *Heister v. Fortner,* 2 Binn. 40; *Lewis v. Smith,*

2 Serg. & Rawle, 142; *Anderson v. Neff,* 11 Serg. & Rawle, 208; *Stewart v. Stocker,* 13 Serg. & Rawle, 204; and were this otherwise, it is certain that third persons, though they be judgment-creditors, cannot take advantage of such irregularities: *Meason's Estate,* 4 Watts, 341; *Hauers's Appeal,* 5 Watts & Serg. 473; *Lowber & Wilmer's Appeal,* 8 Watts & Serg. 389; *Dougherty's Estate,* 9 Watts & Serg. 197": *Dickerson and Haven's Appeal,* 7 Pa. 255. The reason for the rule is thus stated in *Harrison v. Waln,* 9 S. & R. 317: "All claim of this kind is to be thrown out of the question; because if ...... [exceptants] have an equitable title, they may maintain it in ejectment, and there can be no occasion for the summary interposition of this court. The sheriff can sell no more than the title of ...... [the defendant] such as it is, and if ...... [the exceptants] have an equity, and due notice is given at the time of sale, the purchaser must take it subject to that equity. It is the rule of this court, not to interfere with executions, regularly issued, but in case of necessity, and where land is sold by the sheriff, as the property of the defendant, which is claimed by a third person (a very common case), the parties are left to contest the title in an ejectment." The Supreme Court in *Davis v. Michener,* 106 Pa. 395, in affirming the above rule, said: "if the law were otherwise, its effect would be to abridge the right of trial by jury. The court cannot determine a disputed title, in advance, on the hearing of a motion to set aside the execution which issues as a preliminary step to the contest ...... the controversy can only arise and be determined in ejectment." Referring to the remedy of ejectment in *Mantz v. Kistler,* 221 Pa. 142, 70 A. 545, it was said "It is not the best system, ...... for the administration of equitable principles under the forms furnished by the common law. But it is settled as the practice in this state, and in the present case it is not altogether inconvenient, and certainly not inadequate." The same may

be said of the instant case. *Fenton v. Joki et ux.*, 294 Pa. 309, 144 A. 136, does not conflict with these principles for in that case while the petition to set aside the sale was filed by a judgment creditor, the petition charged not only gross inadequacy of consideration, but an unlawful, and therefore fraudulent combination to prevent competitive bidding, to which the purchaser was a party. The petition in the present case contains no allegation of fraud sufficient to support the present proceeding.

There is no merit in appellants' contention that the Act of April 22, 1905, P. L. 265, 12 PS 2536, supplies a new *remedy* for the adjudication of a disputed title in a summary proceeding on exceptions and rule to set aside a sheriff's sale. The Act is procedural and merely extends the time within which one interested may file exceptions or move to set aside the sale. *Warren Pearl Works v. Rappaport et ux.*, 303 Pa. 235, 154 A. 587. It does not do away with the necessity for an action in ejectment to determine questions of title and the law in this respect was not affected by it. Appellants, in the absence of an allegation of fraud, have no standing to question the sale either for inadequacy of price or upon any other ground. They are strangers to the proceeding and their assertion of interests in the land does not change their status. "No man can make himself a party to pending litigation between others by his own act or statement on the record": *Phila., to use, v. Jenkins*, 162 Pa. 451, 29 A. 794. The remedy since the Act of 1905, as before, is by an action in ejectment against the purchaser.

The order is affirmed.