## First National Bank of Scranton v. Jermyn et al.

*Welles, Mackie & Mumford,* for plaintiff.
*John W. Bour,* for defendant.

HOBAN, J., November 26, 1947.—A junior attaching creditor notified the senior attaching creditor to rule garnishee to answer and to put the cause at issue, in accordance with our rule of court no. 326. Plaintiff herein, the senior attaching creditor, filed a petition averring that the junior attaching creditor is a stranger to this suit and hence has no standing to compel plaintiff to proceed with the action under penalty of having the attachment dissolved. On that petition a rule issued to show cause why the time for filing in-

terrogatories should not be extended until five days after the court orders that plaintiff must proceed with the action, all proceedings to be stayed pending the determination of this rule.

The clear intent of rule 326 is to provide a means of forcing a plaintiff in the attachment to act. Who may force plaintiff to act? Obviously, garnishee and defendant have an interest in so doing, but it is equally obvious that garnishee and defendant may not desire to force plaintiff to proceed, thus locking the fund under attachment as against other creditors until the law provides them with a key.

A mere notice to proceed given to plaintiff's counsel is not sufficient, since the junior creditor is not a party to this record, hence could not be subjected to the payment of costs if his attempt to accelerate process should be untimely or unwarranted.

Practice in attachment execution in cases of this kind follows the practice in foreign attachment: Act of June 16, 1836, P. L. 755, sec. 35, 12 PS §2265. There is no statutory provision in the Foreign Attachment Acts governing intervention: Act of June 13, 1836, P. L. 568, 12 PS §2861, et seq. The Domestic Attachment Act provides a method of intervention by other creditors: Act of June 13, 1836, P. L. 606, sec. 7, 12 PS §2747.

However, the Rules of Civil Procedure provide a method by which the junior creditor may intervene, for the determination of this action will certainly affect a legally enforcible interest of the junior attaching creditor: Pa. R. C. P. 2327(4). But he must intervene by leave after due procedure, for " 'no man can make himself a party to pending litigation between others by his own act or statement on the records' ": Young et al. v. Levy, 6 Pa. Superior Ct. 23, quoting from Philadelphia v. Jenkins, 162 Pa. 451.

In an answer filed to the petition upon which this rule to show cause issued the junior attaching creditor

asked for affirmative relief by quashing the attachment execution. Since he cannot be considered a party to this litigation, this prayer must be denied.

Now, November 26, 1947, the rule to show cause why the time for filing interrogatories should not be extended until five days after this court orders that plaintiff must proceed with the action, is made absolute, and the prayer of William S. Jermyn to quash the attachment execution is refused.