Union National Bank of Reading *v.* DeLong
Furniture Corporation (et al., Appellant).

Argued April 23, 1942. Before SCHAFFER, C. J.;
MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*John S. Rhoda,* of *Body, Muth & Rhoda,* for appellant.

*Robert Grey Bushong,* with him *Yaffe & Blumberg,*
for appellees.

PER CURIAM, May 27, 1942:
This is an appeal from an order of the court below
setting aside a sheriff's sale of real estate.

On December 23, 1941, the Union National Bank of Reading, Pennsylvania, entered judgment, in the amount of $40,267.50, on the bond accompanying a mortgage given by the DeLong Furniture Corporation, covering its manufacturing plant, located in the Borough of Topton, Berks County, and a writ of fieri facias was duly issued. Pursuant thereto, the sheriff levied upon the mortgaged premises and, after due public notice, the plant was exposed to sheriff's sale, on January 16, 1942. The attorney for the bank attended the sale of the property, with instructions to "protect it to $25,000", and after competitive bidding, in which the attorney participated, J. William Engle, the appellant, a stranger to the proceedings, became the purchaser at that figure.

Prior to acknowledgment of the deed to Engle, Henry Morris, Jr., the appellee, on January 24, 1942, filed a petition to set aside the sale, averring that he had entered into negotiations with the bank, in September, 1941, "with a view to the purchase of the property and equipment" of the DeLong plant, and had been told that "before any contract of sale was entered into he would be advised thereof"; that "being a non-resident and, therefore, not seeing the published notices of the sheriff's sale and having no actual knowledge of the date fixed for the said sale", he failed to attend; and that "if he had known of the said sheriff's sale he would have attended it and would have bid up to $28,000 for the property sold, and he now offers to bid the same amount on a re-sale". No answer was filed by the DeLong Corporation to this petition, but answers were filed by both the purchaser, J. William Engle, and the bank.

After hearing on the petition and answers, the court concluded that appellee's offer of a higher bid was some evidence of inadequacy of price; that this, coupled with the failure of the advertisement of sale to specify that it included machinery and equipment, was sufficient to warrant setting the sale aside; and that, under the circumstances, appellant, although a stranger to the record, was a proper party to make the application. In accord-

ance with these views, the court entered an order setting the sale aside, upon security being given for a minimum bid of $28,000 on a re-sale, and this appeal followed.

The advertisement of the sale clearly indicated that the property to be sold consisted of the manufacturing plant of the DeLong Furniture Corporation, used in manufacturing furniture, and appellee could not have been misled by reason of the omission to state that the machinery and equipment, necessarily forming a part of the plant, would be included in the sale, for, as is stated in his brief, "he was familiar with the plant to be sold, and he saw no notice of the sale." Under these circumstances, and in the absence of a showing that any other person was deterred from attending the sale or from bidding because of the alleged insufficiency of the description, it affords no basis for invalidating the sale. See *Com. Tr. Co. of Pbgh. v. Harkins,* 312 Pa. 402, 411; *Miners N. Bk. of Wilkes-Barre v. Bowman,* 334 Pa. 534, 537. Since the proceedings were admittedly regular in all other respects, this leaves the order of the court below to depend on mere inadequacy of price, not gross, and it had been held repeatedly that this is not, of itself, a sufficient reason to justify the court in setting aside a sheriff's sale, otherwise regular and proper: *Wagener v. Yetter,* 280 Pa. 229, 232; *Lefever v. Kline,* 294 Pa. 22, 25; *Plummer v. Wilson,* 322 Pa. 118, 124; *Taylor v. Bailey,* 323 Pa. 278, 283. Apart from these considerations, however, the appellee is not a party entitled to the relief sought. While execution sales may, under some circumstances, be vacated at the instance of third persons, strangers to the writ, it is a minimum requirement, in all such cases, that the petitioner be a party in interest either in the property sold or the proceeds thereof. See *Somerville v. Hill,* 260 Pa. 477, 480; *Moyer v. Meray,* 148 Pa. Superior Ct. 284, 288; 7 Pa. Stand. Prac. p. 577. As appellee has no such interest, it follows that he is wholly without standing to question the validity of the sale on any ground whatever.

For the above reasons, we conclude that the order of the court below was not a proper exercise of discretion, in the circumstances, and that it must be reversed.

The order is reversed, with instructions to discharge the rule to set aside the sale; costs to be paid by appellee.