## Westinghouse Credit Corporation v. Giordano

*Robert F. Simone*, for plaintiff.
*Herbert Linsenberg, Walter Rabin* and *Stewart Weintraub*, for defendant.

KALISH, *J.*, January 11, 1979—Petitioner, "Equitable Owner of Real Estate—Packer Avenue Associates, et al" (hereinafter referred to as Packer)[1] filed this petition on November 14, 1978, to set aside the sheriff's mortgage foreclosure sale of the property located at 900 Packer Avenue, Philadelphia, Pa. (hereinafter referred to as the Hilton Hotel) which took place on November 6, 1978. Petitioner claimed, as its major allegation, that the sales price at the sheriff's sale was grossly inadequate. This court issued a rule to show cause on November 16, 1978.

Prior to institution of the mortgage foreclosure action which led to this sheriff's sale, Packer volun-

---

1. Banpack Corporation, JDP Corporation and CarRiv Corporation were listed as other equitable owners of the property in question. These are apparently the corporations which compose the limited partnership of Packer and will not be separately discussed.

tarily filed a petition in bankruptcy in the United States District Court. The bankruptcy judge then adjudicated Packer as a bankrupt and appointed Paul Giordano as trustee of Packer's property, the Hilton Hotel.

Subsequently, plaintiff Westinghouse Credit Corporation (hereinafter referred to as Westinghouse), as the assignee of mortgages worth some $6.8 million on the Hilton, requested that the bankruptcy court permit it to proceed with the foreclosure against the Hilton. The bankruptcy court, finding that there was no equity in the hotel property, granted Westinghouse leave to foreclose in state court and ordered the trustee not to interfere with the foreclosure proceedings.

Westinghouse's foreclosure complaint in this court named as defendants the trustee, Giordano, as the present owner of the property, and the City of Philadelphia, which had a tax lien on the property. The foreclosure sale was allowed when judgment was entered against the trustee who did not contest the action and after Westinghouse entered into a stipulation with the city on the taxes.

The sheriff's sale was listed for November 6, 1978. On that day, Armand Ceritano (hereinafter referred to as Ceritano), apparently the effective owner of Packer, filed a petition to stay this sale, claiming that Ceritano has a personal equity interest in the property to be sold and that Westinghouse, in failing to name Ceritano as a defendant, had violated Pa.R.C.P. 1144. This court denied that petition on November 6, 1978, and the sale was held as scheduled. The only bidder was the attorney on the writ (i.e., Westinghouse's counsel) who acquired the property for the upset price of $485,900.

## DISCUSSION

Respondents Westinghouse and the City of Philadelphia contend that the rule and petition must be dismissed since Packer[2] does not have standing to bring this action. This contention is correct.

The provisions of Pa.R.C.P. 3132, under which Packer has brought its petition, permit a court on proper cause to set aside a sheriff's sale on "petition of any party in interest." It is clear that, to be a party in interest, petitioner must have an interest in the property sold or the proceeds thereof: Union National Bank of Reading v. DeLong Furniture Corporation, 344 Pa. 583, 26 A. 2d 440 (1942). If petitioner does not have such an interest, he is viewed as a stranger to the proceedings and his petition must be dismissed. A prospective purchaser is an example of such a stranger: United National Bank of Reading v. DeLong Furniture Corporation, supra, as is a creditor whose claim against defendant has not been reduced to judgment at the time of the sale: Klopp v. Witmoyer, 43 Pa. 219 (1861); O'Hare v. Marateck, 13 D. & C. 516 (1930).

Packer does not have the requisite interest in either the property or its proceeds to bring this action. The moment that the bankruptcy court ap-

2. This court takes judicial notice of the deed for this property which is recorded in Deed Book JRS 215, page 119, and which conveyed the property to Packer Avenue Associates. Since Packer is the only party which ever had any interest in this real estate, logically only it potentially ever had standing to raise the issue. The interests of the other petitioners were always too remote from direct ownership. They never had standing to raise this issue.

pointed a trustee for Packer, that trustee became "vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this [act]": Act of July 9, 1898, 30 Stat. 565, as amended, 11 U.S.C.A. §110. Clearly, by virtue of the Federal bankruptcy law, the trustee acquired Packer's title to the Hilton Hotel. "[T]his legal transfer operates automatically and generally renders the bankrupt's cooperation unnecessary." 4A Collier on Bankruptcy, ¶70.04 at 50.1. The bankrupt has simply lost his ownership and can no longer receive any benefits from such ownership. See In re Tillman Produce Company, 396 F. Supp. 500 (W.D. Wisc. 1975), affirmed sub nom. Cameron v. Law, 538 F. 2d 763 (7th Cir. 1976). (Since bankrupt no longer owned the property in question, he could not claim the benefit of a Wisconsin law which extinguished a lien on the property under certain circumstances.)

Under the provisions of the Act of June 16, 1836, P.L. 755, 12 P.S. §2672, if there are proceeds of the sheriff's sale over and above the amount necessary to pay off the foreclosure judgment and other creditors, that amount goes to the "debtor." However, under these circumstances, where the debtor has initiated bankruptcy proceedings, "money or other property which is the proceeds of property owned by the bankrupt at the time the petition was filed is not after-acquired and vests in the trustee." In re Scranton Knitting Mills, 23 F. Supp. 803, 805 (M.D. Pa. 1938). See also Gough Industries, Inc. v. Rothman, 446 F. 2d 536, 544 (9th Cir. 1971). (Tax benefits due to write-off of receivables belong to trustee's estate as owner of the receivables and not to the bankrupt.) It is the trustee who will receive

the proceeds and then distribute whatever moneys remaining to the debtor after all creditors and costs have been paid. It is only the trustee who would have standing to bring this action.

Even if Packer had the requisite standing to bring this action, it is highly unlikely that it could have prevailed on the merits in its claim[3] of a grossly inadequate sales price. The attorney on the writ, counsel for Westinghouse, purchased the property as the only bidder at the "upset" price of $485,900. To protect his client's interests, it is clear that it would have bid up to its mortgage interest of some $6.8 million. Petitioner Packer has alleged that it had a potential puchaser, who was unnamed, willing to bid more than the purchase price of $485,900. There is no affidavit with the petition from this potential purchaser. Petitioner did not allege that this mystery buyer would have bid more than $6.8 million. It has not alleged why the mystery bidder did not appear at the time of the sheriff's sale even though it is uncontroverted that Packer, through Ceritano, was aware of this sale prior to its occurrence and physically attended the sale. It is further significant that petitioner has not tendered any bond guaranteeing a new offer in order to do equity for the judgment creditor Westinghouse. Packer has merely asserted that the fair market value of

---

3. Although petitioner has made allegations other than gross inadequacy, the court believes that only on this one did petitioner state an appropriate cause for setting aside a sheriff's sale. Among other claims, petitioner additionally alleged that the bankruptcy court erred in permitting this court to hear the mortgage foreclosure action. This court cannot permit the collateral attack on that order of the bankruptcy court.

the property is between eleven and fifteen million dollars without even alleging that it conducted its own appraisal. Such allegations would not be sufficient to set aside a sheriff's sale. See, e.g., Senge, for use v. Border, 319 Pa. 481, 181 Atl. 509 (1935); Taylor v. Bailey, 323 Pa. 278, 185 Atl. 699 (1936); Shimkus v. Klimatis, 377 Pa. 546, 105 A. 2d 592 (1954).

The petition and rule to set aside the sheriff's sale must be dismissed.