419 A.2d 1182

## WESTINGHOUSE CREDIT CORPORATION

v.

**Paul P. GIORDANO, Trustee of the Estate of Packer Avenue Associates, Bankrupt**

**and**

**City of Philadelphia.**

**Appeal of PACKER AVENUE ASSOCIATES.**

Superior Court of Pennsylvania.

Argued June 28, 1979.

Filed April 11, 1980.

Albert L. Becker, Philadelphia, submitted a brief on behalf of appellant.

Walter W. Rabin, Barry E. Bressler, Meltzer and Schiffrin, Philadelphia, for Westinghouse Credit Corp., appellee.

356

Before WIEAND, ROBINSON and LOUIK, JJ.*

LOUIK, Judge:

The present appeal has been taken from the dismissal of a Petition by Packer Avenue Associates (hereinafter referred to as Packer), to set aside a sheriff's mortgage foreclosure sale of a parcel of real property. Packer, a limited partnership, previously filed bankruptcy and by Order to the Bankruptcy Court, Paul Giordano was appointed as Trustee of Packer's property. By later Order, the Bankruptcy Court found there was no equity in the property, granted Westinghouse leave to proceed with foreclosure against the property as assignee on two consolidated mortgages upon the property totaling $6,800,000.00, and ordered Giordano as Trustee not to contest or otherwise interfere in any way with the foreclosure. Subsequent to this Order, Westinghouse filed a Complaint in Mortgage Foreclosure. The Complaint named as defendants Giordano as Trustee and the City of Philadelphia in order to adjudicate any adverse interest in the realty based upon a tax lien, pursuant to Pa.R.C.P. 2229(e)(2). Giordano, pursuant to order of the Bankruptcy Court, filed an answer admitting the averments in the Complaint. Sheriff sale was listed for November 6, 1978, after judgment was entered on the trustee's admissions and a stipulation between Westinghouse and the City concerning the taxes.

Armand Ceritano, whose status is not clear, but who appears to be the owner of the stock of Packer, filed a Petition to Stay the Sale, alleging he had "personal equity" in the realty and the sale violated Pa.R.C.P. 1144, which provides for whom the plaintiff must name as a defendant in a mortgage foreclosure which includes the real owner at 1144(a)(3). The lower court denied Ceritano's Petition and directed the Sheriff to proceed to sale. The sale was held

* Judge DONALD E. WIEAND is sitting by special designation. President Judge OTTO P. ROBINSON of the Court of Common Pleas of Lackawanna County, Pennsylvania, and Judge MAURICE LOUIK of the Court of Common Pleas of Allegheny County, Pennsylvania are sitting by designation. This decision was reached following the death of ROBINSON, J.

and the property was purchased by counsel for Westinghouse, who was the attorney on the writ for the upset price of $485,800.00 on the total judgment of $7,482,261.89.

After the Sheriff's sale, the present Petition was filed by Packer as "Title Holders and Equitable Owners" alleging there was equity on the property, the sale was inadequate and that Westinghouse failed to name Packer in the Complaint and failed to give proper notice to the proper parties of the sale. The lower court dismissed the petition.

The only issue which this Court will address itself to is whether or not the appellant is a sufficient party in interest to have standing to contest the Sheriff sale. This Petition was filed pursuant to Pa.R.C.P. 3132, which permits a court, on proper cause, to set aside a Sheriff's sale on "petition of any party in interest". In order to be a party in interest, Petitioner must have an interest in the property sold or the proceeds thereof. *Union National Bank of Reading v. De-Long Furniture Corp.*, 344 Pa. 583, 26 A.2d 440 (1942). In the present case, it has neither.

■ Insofar as Petitioners contend that it was not named as a party, Pa.R.C.P. 1144(b) provides:

"Unless named as real owner, neither the mortgagor nor his personal representative, heir or devisee need be joined as defendant if the plaintiff sets forth in his complaint that he releases him from liability for the debt secured by the mortgage."

Since there was such a release, it was not necessary to join Packer as a defendant.

In filing a voluntary Petition in Bankruptcy, Petitioner voluntarily placed title to the property in the name trustee, representing the creditors of the estate in bankruptcy. Section 70 of the 1973 Bankruptcy Act provides at 11 U.S.C. § 110(a):

"The trustee of the estate [in bankruptcy] . . . shall in turn, be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition . . ."

■ At the outset of the bankruptcy proceedings, the Petitioner gives up interest in his assets, particularly after a determination by the Bankruptcy Court, at which Petitioner presumably had the opportunity to be represented by counsel, that the property had no equity. Therefore, Petitioner has no standing to complain about the caption, the service, or the purchase price at the foreclosure.

Order affirmed.