In re Francesco SCARDINO and Anne C. Scardino, Individually and jointly.

FREEDOM VALLEY FEDERAL SAVINGS AND LOAN (formerly "Conshohocken Federal Savings and Loan") and Hamilton Bank (formerly "National Central Bank"), Plaintiffs,

v.

Francis J. ALBANI, individually and t/a "DMA Investments, Inc." and Francesco Scardino and Anne C. Scardino, Defendants.

Bankruptcy No. 80–00573.
Adv. No. 81–0736.

United States Bankruptcy Court, E. D. Pennsylvania.

Feb. 18, 1982.

W. Richard Gentry, West Chester, Pa., for plaintiff.

Joseph S. U. Bodoff, Philadelphia, Pa., for defendant.

OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

The Petition of DMA Investments, Inc. requests that we set aside the sheriff's sale of certain real property owned by the debtors-defendants. For reasons hereinafter given, we will dismiss the petition and sustain the sale.[1]

The debtor-defendants, Francesco and Anne Scardino (hereinafter "debtors"), filed a petition under Chapter 7 of the United States Bankruptcy Code on March 20, 1980. Upon motion of the first lienholder, Freedom Valley Federal Savings and Loan (hereinafter "Freedom Valley"), the automatic stay imposed by 11 U.S.C. § 362 was modified to allow real property owned by the debtors to be sold at sheriff's sale. The second lienholder, Hamilton Bank was the only bidder at the sale and it acquired the property for $70,000. The petitioners, DMA Investments, Inc. (hereinafter "DMA"), had obtained assignment on the third lien position of Harold E. Trego.

DMA argues that the sheriff's sale should be set aside because the sale price of $70,000 was grossly inadequate and there was an irregularity in the sale in that Hamilton Bank agreed to purchase a junior lien holder's claim in exchange for their agreement not to bid. The power of the Court to set aside a sheriff's sale is discretionary. We are guided by the principles of Pennsylvania law which require evidence of fraud or highly suspicious circumstances in order to justify setting aside a sale. *Farmer's Trust Company v. Murray*, 2 D. & C.3d 41 (1975).

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

In the case at bar, there was no proof that the Bank's agreement with the junior lienors was fraudulent as to DMA. Nor was DMA deterred from bidding at the sale by the agreement. Under these circumstances, the disparity between the sales price of $70,000 and the appraised value of $120,000 is not, of itself, sufficient reason to overturn the sale. *Union National Bank of Reading v. DeLong Furniture Corporation*, 344 Pa. 583, 26 A.2d 440 (1942).

For the foregoing reasons, we dismiss the petition of DMA and the debtor-defendants and sustain the validity of the sale.