In re Francesco SCARDINO and Anne C. Scardino, individually and jointly, Debtors.

FREEDOM VALLEY FEDERAL SAVINGS AND LOAN (formerly "Conshohocken Federal Savings and Loan"), and Hamilton Bank (formerly "National Central Bank"), Plaintiffs,

v.

Francis J. ALBANI, individually and t/a "DMA Investments, Inc.", and Francesco Scardino and Anne C. Scardino, Defendants.

Bankruptcy No. 80–00573 T.
Adv. No. 81–0736.

United States Bankruptcy Court, E. D. Pennsylvania.

March 24, 1982.

W. Richard Gentry, West Chester, Pa., for Hamilton Bank.

Harris F. Goldich, for Freedom Valley.

Joseph S. U. Bodoff, Philadelphia, Pa., for DMA Investments.

Jay G. Fischer, West Chester, Pa., for debtors.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

This matter comes before the Court on a motion filed by defendant-appellant for a stay of our order in this case of February 18, 1982, pending appeal. 17 B.R. 737. For reasons hereinafter given, we will deny the motion for a stay.[1]

## PROCEDURAL HISTORY

Our Order denied the petition of defendant-appellant, DMA Investment, Inc. (hereinafter, "DMA") to set aside a sheriff's sale of real property belonging to the debtors herein, Francesco and Anne C. Scardino. The property was bought by a junior lien-holder at sheriff's sale scheduled by the first lienholder, Freedom Valley Federal Savings and Loan (hereinafter, "Freedom Valley") for $70,000.00. Hamilton Bank submitted the only bid at the sale. DMA, which had purchased the third lienholder position within a few days prior to the sale, did not appear or submit a bid at the sale. At the hearing before us on this matter, the sole shareholder of DMA, Francis Albani, testified that he did not purchase the lien for purposes of bidding at the sale (N.T. 38–40, 9/28/81) and that he did not appear at the sale because the liens ahead of his judgment were so high that it would not have been profitable for him to be there (N.T. 13, 17, 9/28/81). In response to DMA's petition to set aside the sheriff's sale, we found that the disparity between the sale price of $70,000.00 and the estimated fair market value of $120,000.00 was not so gross as to require, in and of itself, that the sale be overturned. Following Pennsylvania case law, we held that mere inadequacy of price, absent proof of fraud or highly suspicious circumstances, does not justify the setting aside of a sheriff's sale. DMA has appealed from our Order and has filed a motion for a stay pending appeal.

## DISCUSSION

The test for a grant or denial of a stay in this context is the same as that for a preliminary injunction: 1) likelihood of success on the merits, 2) irreparable injury if the stay is not granted, 3) absence of substantial harm to other interested persons, and 4) absence of harm to the public interest. *Hickey v. Commandant of Fourth Naval District,* 464 F.Supp. 374, 376 (E.D.Pa. 1979). Authority to grant the stay is found at Bankruptcy Rule 805. In exercising our discretion, we must engage in a "delicate balancing" of all four prongs of the test. *Constructors Association of Western Pennsylvania v. Kreps,* 573 F.2d 811, 815 (3rd Cir. 1978).

In determining the likelihood of success on the merits, we are placed in the anomalous position of second-guessing our own prior ruling. However, in this case, there appears to be very little likelihood that DMA will prevail on appeal. In its motion for a stay, DMA states that it is relying on *Fenton v. Joki,* 294 Pa. 309, 144 A. 136 (1928) as authority for the setting aside of the sale herein. We note that the trial court in *Fenton v. Joki* made a finding that the sale price of $3000.00 on a property valued at $9000.00 was grossly inadequate. This finding was coupled with the circumstance of lack of competitive bidding at the sale where one attorney represented three of the four lienholders, including the successful bidder. On appeal, the Pennsylvania Supreme Court held that the trial court had not abused its discretion in setting aside the sale. We agree with DMA that the principles enunciated in *Fenton v. Joki*

---

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

are still a viable part of Pennsylvania case law; our opinion relies, in part, on a more recent case, *Farmer's Trust Company v. Murray,* 2 D & C 3d 41 (1975), which cites *Fenton v. Joki* for the proposition that evidence of fraud or highly suspicious circumstances is necessary in order to justify the setting aside of a sheriff's sale. We conclude that DMA has not produced this evidence, nor is the disparity between the purchase price and fair market value in the case at bar on a par with that in *Fenton v. Joki.* Because the facts of the two cases are so dissimilar, it is our determination that DMA's reliance on *Fenton v. Joki* is misplaced. We find that there is little likelihood of success on the merits of this appeal.

On the question of irreparable harm to DMA if the stay is not ordered, we must consider the testimony of Francis Albani on the hearing in this matter cited above. DMA had the opportunity to appear and bid at the sheriff's sale on March 20, 1981. Mr. Albani's reasons for not doing so were business judgments based upon facts which are in no way changed by our Order in this matter. The harm to DMA, if any, was self-incurred by its failure to protect its interest at the sale. Though this fact is not controlling in our decision on this issue, it should be noted that the business of DMA is speculation on liens and that it purchased its lien herein of $4000.00 for $1750.00 as balanced against the potential for a far greater loss on the part of the banks involved.

The third factor to be considered is that of absence of substantial harm to other interested parties. Both Freedom Valley and Hamilton Bank would be detrimentally affected by an Order staying action on the sheriff's sale. The subject property is not presently insured and taxes are unpaid. The banks are losing the fair rental value of its use, as well as the interest on their investments. At the time of the sale, Freedom Valley's lien was approximately $83,500.00 and Hamilton Bank's lien was $141,000.00. The banks are not fully secured by the equity in the property. Until the deed is transferred, these sums continue to be at risk. We find that the further delay in closing the sale that would be occasioned by a stay of our order would cause substantial harm to Freedom Valley and Hamilton Bank.

The final prong of the test for a stay is harm to the public interest. DMA has presented no evidence on the effect of a stay on the public interest. This factor does not appear to be relevant to our consideration of DMA's motion. In balancing the other elements, we find that it is not likely that DMA will prevail on the merits of its appeal, that our decision not to stay the Order would not do irreparable harm to DMA, and that a stay would substantially injure other interested parties. For these reasons, we deny DMA's motion for a stay pending appeal in this matter.