In re **HYDRONIC ENTERPRISES, INC., Debtor.**

**Bankruptcy No. 8201030.**

United States Bankruptcy Court, Rhode Island.

July 26, 1985.

## ORDER DENYING MOTION FOR STAY

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Rhode Island Hospital Trust National Bank, has appealed our May 30, 1985 decision denying its motion to compel the trustee to abandon a cause of action entitled, *Hydronic Enterprises, Inc. v. Danal Jewelry Co.*, Providence County Superior Court, C.A. No. 81–4011, and now requests a stay pending appeal. The motion for stay has no merit, and is denied. *See* Fed. R.Civ.P. 62 (granting of stay is discretionary).

At the May 30, 1985 hearing, and in direct reply to the Bank's concern that the trustee's continued prosecution of the state court action would imprudently deplete the estate, we advised the trustee and his counsel that in deference to this large creditor's alleged concern regarding the speculative nature of any recovery, further action should proceed on a contingency fee basis, with compensation to become an issue only in the event that the estate receives some benefit as a result of the litigation. The trustee and his counsel readily agreed to this condition, all within the plain sight and hearing of the Bank's counsel. It was represented by the trustee and by John O'Neill, attorney for Allen Carr, the debtor's principal, that there may be substantial merit to the debtor's case. There is also the likelihood that the litigation in question will be reached for trial in the Rhode Island Superior Court in October 1985. In these circumstances, the Bank is hard pressed to demonstrate any harm to its present or future position. As the largest, although by no means the only creditor, the Bank will be the major beneficiary of a successful end to the litigation, and if the trustee does not prevail, there will be no cost to anybody, except the trustee and his counsel. We are completely unable, therefore, to understand the Bank's position, which appears diametrically opposite its own best interest.[1]

 Concerning the present motion for stay pending appeal, a party is entitled to a stay when it is demonstrated:

1. There is a likelihood that the party seeking the stay will be successful on the merits of the appeal;

2. The moving party will be subject to irreparable harm if the stay is not granted;

3. The stay will not cause irreparable harm to the other interested parties;

4. That granting or declining the stay will have no adverse effect on the public interest.

*In re Scardino*, 18 B.R. 589 (Bankr.E.D.Pa. 1982); *In re Richardson*, 15 B.R. 930 (Bankr.E.D.Pa.1981). In our view, the Bank has satisfied none of the requisite tests: (1) Obviously, this Court believes there is no likelihood that the Bank will succeed on appeal; (2) the Bank can only benefit, and cannot lose, from the trustee's continuing the litigation; (3) directing the trustee to abandon a claim[2] which he desires to pursue in the state court, which is soon to be reached for trial, and which may well have merit as well as substantial damage potential, could cause irreparable harm to the estate; and (4) the question of adverse effect on public interest is not of consequence here. For these reasons, the request for stay must be and is denied.

Also, regarding the Bank's incomprehensible argument that "the cost of litigating the action ... will be burdensome to the

---

1. The most direct beneficiary of the Bank's request, were we to grant it, would be Danal Jewelry Co., the state court defendant in the litigation in question, and the cooperation which the Bank is receiving from Danal in pressing such a non-meritorious position forces speculation as to who the prime mover really is. *See* TR., p. 7 lines 19–24.

2. Directing the trustee to abandon his claim would only result in the reversion of the counter-claim to the debtor's principal, whose unequivocal intention is to pursue the matter, if permitted to do so. Because it has been represented that the state court litigation is ready for trial and soon to be reached, we are most reluctant to see this matter revert to Mr. Carr.

estate" (Bank's Memorandum at 1), it is clear that the only burden will be to the other creditors of this estate, caused by the Bank in requiring the trustee to oppose these groundless proceedings to compel abandonment. Because it is unfair to other general creditors to bear the expense of what we consider to be frivolous litigation, the imposition of sanctions is appropriate against both the Bank and its counsel in these proceedings. *See City Bank v. Rivera Davila*, 438 F.2d 1367 (1st Cir.1971). In determining the particular amount to be assessed, courts may simply set a fee award without submissions by the parties, *Commonwealth Electric Co. v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority*, 754 F.2d 46 (1st Cir. 1985), or order payment of "reasonable counsel fees," *Local Union No. 251 v. Narragansett Improvement Co.*, 503 F.2d 309 (1st Cir.1974); *see also Natasha, Inc. v. Evita Marine Charters, Inc.*, 763 F.2d 468, 472 (1st Cir.1985). In this matter, pursuant to Fed.R.Civ.P. 54(d), attorney's fees and costs incurred by the trustee in opposing the instant motion for stay, and for services required to be expended in connection with the appeal, will be assessed jointly against Rhode Island Hospital Trust National Bank and its attorney, upon our receipt of the trustee's statement for those services provoked by the Bank's arguments, which are "wholly without merit." *See Natasha, Inc. v. Evita Marine Charters, Inc., supra* at 472.